JESSE HYDE v. PETER FINLEY.

Where A. loaned B. $360, at ten per cent. interest, but executed his note to A. for $400, which was more than the amount actually loaned, and ten per cent added thereto : — *Held*, this was in law a usurious contract.

In error from the circuit court of Jasper county; Hon. A. B. Dawson, judge.

This was an action instituted in the circuit court of Jasper county, at the April term, 1846, by the defendant in error, Peter Finley, as president of the board of police of Perry county, against Jesse Hyde, on a promissory note given in the year 1837, for the sum of $400, payable twelve months after date, with various credits indorsed on it, for interest from the year 1838 up to 1843. The defendant (Hyde) pleaded the general issue, payment, and the statute of limitations of six years. On which pleas, issues were taken, with the exception of the plea of the statute of limitations, to which a replication of a new promise within six years was filed, and issue was taken on this plea. It was. in proof, that the note was given for loaned money, and which was intended to be $400, but that $360 was the amount actually received, and ten per cent. interest was charged, and taken in advance, by way of discount. That the note was presented to the defendant in 1846, when he acknowledged the note due and unpaid, but insisted he was entitled to more credits on it than had been entered.

The defendant's counsel asked the court to give the following instructions to the jury, which the court refused to give : —

1. "That when the statute of limitations has begun to run (on) the face of a promissory note, no subsequent payment can revive the debt, and that payments made within the six years before (after) the statute begins to run, is only evidence that the amount paid was due, nothing more."

2. " If the jury believe from the evidence, that the note sued on was given for loaned money, and that the makers received

only $360, the transaction was usurious; and the jury, in rendering their verdict, cannot allow the plaintiff any interest."

The jury rendered a verdict for the plaintiff for $608, and the defendant prayed a writ of error to this court.

*Adams* and *Dixon* for appellant.

This court has repeatedly decided, that a mere payment will not prevent the bar of the statute of limitations. *Smith* v. *Westmoreland*, 12 S. & M. 663, and other cases decided by this court.

The statute in regard to interest, &c., in cases like this, will be found in Hutch. Code, 641.

This court has held such transactions as this to be usurious. 12 S. & M. 286.

No counsel for appellees.

Mr. Justice HANDY delivered the opinion of the court.

The errors assigned in this case are, that the first and second instructions asked in behalf of the defendant below were improperly refused.

The first instruction so refused, had reference to the effect of a partial payment as taking the case out of the operation of the statute of limitations. This instruction, as it appears copied into the transcript of the record, is unintelligible; but from what we can conjecture as to what it really was, as asked in the court below, it was irrelevant to the case under the state of evidence. The evidence showed a positive promise of the defendant, in the year 1846, to pay the note, and this seems to be the evidence relied on by the plaintiff below to prevent the bar of the statute of limitations. The instructions for the plaintiff below are not made a part of the record here, and there is nothing in this record to show that any point was made in behalf of the plaintiff on the trial below, in relation to a partial payment taking the case out of the statute. For all that the record shows, then, this instruction was properly refused.

As to the second instruction. It appears by the evidence, that the consideration of the note sued on was the loan of

money; and that, in making the loan, ten per cent. upon the amount was reserved for one year's interest, the defendant's note being taken for the sum actually received, with the amount reserved added to it, payable twelve months after date. This rendered the note usurious. The plaintiff might legally have loaned the defendant the full amount of the note, as stated on its face, $400, and taken the note stipulating for interest at the rate of ten per centum; or he might have loaned the sum of $360, and added thereto ten per cent. on that amount, for one year's interest, and taken the note, payable at twelve months, for the $360, with ten per cent. added thereto. But the defendant received only $360, and gave his note for $400, which was more than the amount actually loaned, and ten per per cent. added thereto. This was, in law, usurious, and under the provisions of the statute, it debarred the plaintiff from recovering more than the sum actually loaned, and without interest, under the repeated adjudications of this court. The second instruction asked by the defendant was, therefore, improperly refused.

The judgment is reversed, and the case remanded for a new trial.