## A. HOUSTON LONGINO, GUARDIAN, *v.* DELTA BANK.

1. STATUTE OF FRAUDS.    *Trader.    Business sign.    Code* 1892, § 4234.

    The statute, code 1892, § 4234, relating to the liability of property as affected by the business sign of a trader, does not apply to property neither used nor acquired in the trader's business.

2. SAME.    *Case.*

    If, in pursuance of negotiations for a sale of cotton, the owner delivers the same to a warehouseman, from whom he takes a receipt providing that its possession shall evidence title to the cotton, and, after exhibiting the same to the purchaser, attaches it to the latter's bank check for the price, and surrenders both instruments to the bank, when the check is cashed, a levy on the cotton, under execution against the purchaser, is not maintainable against the claim of the bank.

FROM the circuit court of Leflore county.

HON. F. A. MONTGOMERY, Judge.

The appellant, Longino, was the plaintiff in the court below. The Delta Bank, appellee, was the claimant, defendant. The judgment of the court below being against plaintiff on the claimant's issue, he appealed to the supreme court. The facts are stated in the opinion of the court. For a previous report of the case, see *Longino* v. *Delta Bank,* 75 Miss., 407.

The statute, code 1892, § 4234, is in these words:

"*Business sign, and what to contain.*—If a person shall transact business as a trader or otherwise, with the addition of the words, 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

*Williamson, Humphries & Gwin,* for appellant.

Ordinarily the title to property is lodged in some one. In this case, if the title to the cotton, when delivered by the seller to the warehouse and there stored to the account of Dugan, was not in Dugan, it would be refreshing to know in whom it rested; it was not at that time, if ever, lodged in the bank, for nothing transferring title to it had been delivered; it was not in the seller, for he had parted with it by sale and had delivered it to the warehouse for Dugan, thereby recognizing the latter's purchase. We insist that the attitude of the bank in this case is not different from that of Gumble, in the case of *Gumble* v. *Koon,* 59 Miss., 264.

But concede, for the sake of argument alone, that the statute does not affect the claimant in this case, and that the title to

the cotton in controversy is in it, we insist that this title came to it from Dugan, the defendant in execution. Dugan attached the receipts to the check and sent them to the bank under the arrangement had with it; this was a symbolical delivery of the cotton; the bank took title to the cotton from Dugan. Dugan acquired his title from the seller. 28 Am. & Eng. Enc. L., pp. 673 and 674.

*Coleman & McClurg*, for appellee.

Our main contention is that the title followed the warehouse receipts, which being issued to the seller who had the original title, was never parted with by him until the bank paid the draft attached to the receipt, and received from the seller the title thus evidenced, and was still the holder of it at the time of the levy. About this act there is no controversy, and such being the case, the law is equally as undisputed. See Jones on Leins, vol. 1, sec. 825; *Gibson* v. *Stephens*, 12 U. S. Rep., 1123, which is the leading and controlling case on this subject. 5 Am. & Eng. Enc. L., p. 521, note *b*; 28 *Ib.*, p. 673, note 2.

TERRAL, J., delivered the opinion of the court.

On January 26, 1897, before E. L. Miller, mayor of Greenwood, Longino, guardian, recovered a judgment against G. E. Dugan, for $171.60 and costs of suit, and on the same day it was enrolled in the circuit clerk's office; on February 23, 1897, said Miller issued an execution on said judgment, which was levied on seven bales of cotton at the compress at the Greenwood Compress & Storage Company, of Greenwood, Miss. The Delta Bank made claim to the cotton in the manner prescribed by the statute. The issue was tried before the mayor, and from the judgment rendered by him the case was taken to the circuit court, where a second trial was had. On the latter trial it appeared from the evidence that G. E. Dugan, the defendant in execution, was a cotton buyer in

Greenwood, where he did business under the sign of G. E. Dugan & Co.; that these seven bales of cotton levied on at the warehouse of the Compress & Storage Company, were, at his place of business, contracted to be bought from the owners thereof in this way: Dugan and the owner agreed upon the price of the cotton, when the seller would take the cotton to the compress company's warehouse, store the same there, and obtain a receipt of the following tenor: "Greenwood, Miss., February 5, 1897. Greenwood Compress & Storage Company have received from G. E. Dugan & Co. one bale of cotton, marked as per margin hereof, which they agree to deliver upon the return of this receipt and payment of all charges. Possession of this receipt evidences title to property. Acts of providence, fire, and old damage excepted. S. R. Keesler, superintendent Greenwood Compress & Storage Company." The owner would take the warehouse receipt, return with it to Dugan, when Dugan would attach to the receipt an order on the Delta Bank for the purchase price of the cotton, hand the receipt and order to the owner, who would deliver them to the bank, which would pay the order for the price, and hold the warehouse receipt for the cotton, and in this way all the cotton levied on was acquired.

A peremptory instruction for the plaintiff was refused. The court instructed the jury for the bank, "that if they believed that the warehouse receipts were issued by the warehousemen to the sellers and by the sellers delivered to the bank upon the payment of the checks of G. E. Dugan & Co. for the purchase money of the cotton, and that neither the receipts nor the cotton had ever been in the possession of Dugan & Co., but were held by the bank to secure the payment of the purchase money advanced by the bank to buy the cotton in controversy, and that said purchase money had not been paid to the bank, then they should find for the claimant." The jury having found for the claimant, the plaintiff in execution appeals. The

plaintiff insists that the cotton is liable to his execution by virtue of the statute of frauds, § 4234 annotated code.

The bank claims that Dugan, the defendant in execution, never " used or acquired " the seven bales of cotton or any of them in his business of G. E. Dugan & Co. It is quite clear that Dugan never got possession of the cotton nor the warehouse receipts. The compress company, which received the actual possession of the cotton from the owners of it, and issued to them receipts in the name of G. E. Dugan & Co., expressly stipulated "to deliver the cotton upon the return of the receipts;" possession of the receipt was to evidence the title to the property. By executing the paper the Compress & Storage Company consented in advance to become the bailee of anyone to whom it might be transferred. Obviously the compress company held the cotton as the bailee of the owner until the receipt came to the bank, and thereafter it was the bailee of the bank. The cotton was at no time in the possession, actual or constructive, of Dugan; it was in the actual possession of the owner until delivered by him to the Compress & Storage Company, and thereafter in its possession; the receipt gave the constructive possession to the owner until delivered by the owner to the bank, and thenceforward it was in the bank. The possession of the cotton or of the receipt was at no time in the possession of Dugan. It (the cotton) was not acquired or used by him in his business. Section 4234 did not apply to the case. *Durr* v. *Hervey*, 44 Ark., 301, s. c. 51 Am. R., 597; Benj. on Sales, sec. 174; 28 Am & Eng. Enc. L., 675.

The bank was entitled to judgment.

*Affirmed.*