Dodds *v.* Pyramid Securities Co., Inc., *et al.*

(Division A. April 3, 1933.)

[147 So. 328. No. 29784.]

Ford, White & Morse and **J. L. Taylor,** all of Gulfport, for appellant.

J. L. Taylor, of Gulfport, and **Brady, Dean & Hobbs,** of Brookhaven, for appellant.

**Rushing & Guice,** of Biloxi, for appellees.

Argued orally by **W. L. Guice**, for appellee.

**Cook, J.**, delivered the opinion of the court.

On July 8, 1926, the appellant sold and conveyed certain real property located in Harrison county, Miss., to Fairview, Inc., a Louisiana corporation, for a consideration of ninety thousand dollars and twenty-two thousand, five hundred dollars of which was paid in cash, while the balance was evidenced by promissory notes secured by a vendor's lien reserved in the deed conveying the property. On June 22, 1928, Fairview, Inc., negotiated a loan from the appellee, Pyramid Securities Company, Inc., also a Louisiana corporation, of fifteen thousand dollars, evidenced by three notes of five thousand dollars each, payable respectively in one, two, and three years, with six per cent, interest from date, payable semiannually, and secured by a deed of trust on the greater part of the land on which the appellant held a vendor's lien. The appellant permitted this deed of trust to become the first lien on said land by subordinating her lien thereto. Of the proceeds of this loan of fifteen thousand dollars the appellee retained two thousand, five hundred dollars as a bonus, and twelve thousand dollars of the remainder was paid by Fairview, Inc., to the appellant for credit on its indebtedness to her.

Fairview, Inc., having defaulted in further payments to the appellant, she afterwards foreclosed her vendor's lien, subject, however, to the prior lien of the appellee, and purchased the property at said foreclosure sale. She afterwards made certain interest payments to the appellee, and also paid to it a bonus of four hundred dollars for an extension of part of its indebtedness. Thereafter the appellee began proceedings in pais to foreclose its deed of trust. The appellant thereupon filed a bill in the chancery court seeking to enjoin the sale on the ground that the notes secured by said deed of trust were usurious, in that more than twenty per cent interest was contracted for and received, thereby forfeiting the principal of said loan and all interest. A preliminary injunction was denied, and the sale was thereupon consummated and the property purchased by appellee.

Thereafter an amendment to the bill of complaint in the nature of a supplemental bill was filed, showing that the said sale had been consummated and a trustee's deed conveying the property to appellee had been executed, and praying that the said deed of trust be declared to be null and void and be cancelled of record, that the said trustee's deed be canceled, and that the appellant be decreed to be the sole legal and equitable owner of the property therein described, free from any lien or incumbrance in favor of appellee. Upon the conclusion of the evidence offered at the trial of the cause, the chancellor entered a decree dismissing the bill of complaint, and, from this decree, this appeal was prosecuted.

Extensive arguments are made by counsel for the respective parties upon the point as to whether or not more than twenty per cest interest was contracted for or received on the loan from appellee to Fairview, Inc. Applying the rule announced in Hyde v. Finley, 26 Miss. 468, for determining the actual principal of a loan for the purpose of calculating interest, it may be that, including bonus paid, more than 20 per cent interest was

in fact exacted, but this becomes immaterial in view of the fact that we have reached the conclusion that the notes involved are governed by the laws of the state of Louisiana.

Fairview, Inc., was a corporation organized under the laws of the state of Louisiana. At the time the loan in question was negotiated, Col. George S. Dodds, husband of appellant, and a resident of the state of Mississippi, was, nominally, its president, but all the active officers of the corporation were residents of Louisiana. The negotiations were begun, conducted, and concluded in the state of Louisiana, although the notes and deed of trust were executed, and the money paid over, at Biloxi, Miss. The notes in question were dated at New Orleans, La., and they are payable to, and at the office of, a Louisiana corporation, with its office at New Orleans, La. Upon these facts, applying the doctrine announced in the case of Greenlee v. Hardin, 157 Miss. 229, 127 So. 777, 71 A. L. R. 741, it is clear that the notes are governed by the laws of Louisiana under which they are valid and collectible. Merrick's Revised Civil Code of Louisiana, art. 2924.

It is contended, however, that the appellee was doing business in the state of Mississippi without having complied with section 11, chapter 90, Laws of 1928 (section 4140, Code of 1930), and therefore it was not permitted to invoke the laws of this state to foreclose its deed of trust on lands in this state.

The proof shows that the appellee corporation had not qualified or been authorized to do business in this state, and consequently it becomes material to consider whether or not it was doing business in this state within the meaning of its laws. The appellee was organized under the laws of the state of Louisiana, and had its office and principal place of business in New Orleans, La. It was engaged in the mortgage loan business, and made a

number of loans which were secured by mortgages on lands located in this state. It had no office or agents in this state. It did not solicit through agents' loans in this state, and such loans as it made that were secured by property located in this state were negotiated at or through its office in New Orleans. We do not think this constituted doing business in Mississippi within the purview and meaning of the statutes of this state.

It follows from the views herein expressed that the decree of the court below dismissing the bill of complaint was correct, and therefore it will be affirmed.

Affirmed.