NORTH AMERICAN MORTGAGE CO. *v.* HUDSON *et al.*

(Division B.   May 18, 1936.)

[168 So. 79.   No. 32254.]

H. M. McIntosh, of Collins, and Dale & Coughlin, of Hattiesburg, for appellant.

Davis & Davis, of Purvis, **Heidelberg & Roberts**, of Hattiesburg, **Eaton & Eaton**, of Gulfport, and **Wilbourn, Miller & Wilbourn**, of Meridian, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, a corporation under the laws of Friesland, Kingdom of the Netherlands, which had an office and was doing business at Bozeman, Mont., brought suit in the chancery court of Lamar county, Miss., to recover certain property sold by the George M. Foreman Company, of Chicago, Ill., to A. A. Hudson, taking mortgage security for the purchase money, said notes being payable to George M. Foreman, at Chicago, Ill., and sold thereafter to the North American Mortgage Company. The indebtedness thus incurred bore eight per cent interest evidenced by notes for the principal at seven per cent interest, and a separate note for one per cent interest, which one per cent note was to be retained by the Foreman Company for servicing said collections, that is, collecting interest, paying taxes, etc., for the North American Mortgage Company. George M. Foreman Company employed an attorney in this state on a salary basis to attend to this servicing.

The bill set up default in the payments, and asked for relief adjudicating that the rights of Hudson, and the grantees claiming under him, had been forfeited for noncompliance with the contract, and asking that the court appoint a commissioner to sell said lands for the satisfaction of the complainant's claim, said sale to be free from any claim of the defendants, and that when the property should be sold that the proceeds thereof be applied, first, to the payment of the cost of this suit, second, to the payment of the complainant's indebtedness, and

third, that the balance be applied or paid to the defendants, as their interest might appear, and that, if mistaken in the relief prayed for, then for such other general or specific relief, as comports with equity and good conscience.

Hudson, after acquiring the property, sold a right of way across it to the Mississippi Power & Light Company, and also executed a lease for minerals to an oil company.

At the time the Foreman Company took this deed of trust from Hudson, it had a deed of trust given by Hudson in favor of one Mr. Fillingane, which had been acquired by the appellant, and which the attorney in Mississippi was requested to foreclose for nonpayment.

After the bill was filed, the defendants filed a special plea in abatement, setting up that the appellant should not be entitled to recover or be afforded any relief, because it was a nonresident corporation doing business in this state without having filed a copy of its charter with the secretary of state, and without appointing an agent upon whom service of process might be had, contrary to the statutes of Mississippi which require foreign corporations to so do (Code 1930, secs. 4140, 4164).

By consent of the parties and of the chancellor this plea was considered without a trial of the case on its merits, and this appeal is from the judgment of the court holding said plea to be good and dismissing the bill.

We only consider and entertain this appeal because of the agreement mentioned. We do not approve of this practice of trying suits in piecemeal, and such pleading in abatement is not consistent with the present chancery practice.

From the proof in the case, it appears that the appellant never had an office in Mississippi, and did not do business here, but only purchased mortgages in this state from mortgagees, and, in a number of cases, acquired land here through foreclosures, and pending the sales of property so acquired would, through its local attorney, rent same, and it had sold some property in Mississippi.

The George W. Foreman Company had conducted the business of lending money and taking securities in this state, making the notes payable in Chicago and selling them to any purchaser available. The appellant was winding up its affairs with a view of liquidation, and said, among other things, in one letter to its attorney in Mississippi, that, "This company is in liquidation, and our holdings are being disposed of at the best obtainable prices; hence the matter will be more one of selling than of management, and we trust that you will approach the matter with that ambition in mind. Legal work, when and where required, pertaining to the lands, will naturally be referred to you."

We are of the opinion that the court below was in error in holding that the appellant was doing business in the state of Mississippi, contrary to the statutes. This appellant had not done business within the meaning of these statutes. It had purchased commercial paper secured by deeds of trust in this state, and had acquired title to certain property in this state; but it is not within the contemplation of our law that such purchasers of property in Mississippi, where no office is maintained here for that purpose, shall be deemed as doing business here. It is not contrary to the public policy of this state that a foreign corporation may own notes and deeds of trust, and may proceed to collect same through the courts of this state, nor does that constitute the doing of business within the state. The collecting of notes alone, and the foreclosure of deeds of trust by an agent in the state of Mississippi, who may, pending such foreclosures, rent or lease the property, where the purpose of the company is merely to realize upon such mortgages, and other securities, is not doing business within the meaning of the Mississippi statutes on the subject. See Long Beach Canning Co. v. Clark et al., 141 Miss. 177, 106 So. 646, and the authorities there cited; Dodds v. Pyramid Securities Co. Inc., et al., 165 Miss. 269, 147 So. 328; Harleston v. West Louisiana Bank, 129 Miss. 111, 91 So. 423;

Hessig-Ellis Drug Co. v. Wilkerson et al., 115 Miss. 668, 76 So. 570, and Saxony Mills v. Wagner, 94 Miss. 233, 47 So. 899, 23 L. R. A. (N. S.) 834, 136 Am. St. Rep. 575, 19 Ann. Cas. 199.

The judgment of the court below will, therefore, be reversed and the cause remanded.

Reversed and remanded.