C. I. T. CORPORATION v. STUART.

(Division B. March 13, 1939.)

[187 So. 204. No. 33617.]

V. D. Rowe & H. T. Holmes, of Winona, and J. L. Weitlauf, of Chicago, Ill., for appellant.

Mack L. Boykin, of Vaiden, for appellee.

144

Argued orally by **H. T. Holmes**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The C. I. T. Corporation is a foreign corporation, and has no office or place of business in the state of Mississippi. It engages in buying trade acceptances, conditional contracts, and other financial paper from dealers and others taking such contracts, the said purchases being accepted either at its office in Memphis, Tennessee, New Orleans, Louisiana, or Chicago, Illinois. It sometimes sends its agents into the state for the purpose of soliciting such contracts from dealers, merchants or others taking such contracts; but these agents do not accept such contracts, but merely transmit them to the offices above mentioned for acceptance or rejection. This C. I. T. Corporation has never filed with the Secretary of State the appointment of the local agents, upon whom process may be served, and has not done business in the state except in the manner above indicated.

The Neal Furniture Company, of Winona, sold to L. S. Stuart, of Vaiden, Mississippi, on the third day of July, 1936, a refrigerator, making a cash payment of $31.50, with an unpaid balance of $198, the deferred payments to be at the rate of $6.50 on the first of each month thereafter, retaining title in the refrigerator until the payments were completed. The contract provided that time was the essence of the agreement, and that if the buyer failed to discharge any of the payments as specified therein, that all the remaining payments might be deemed due and payable; and that the seller, or his

assigns, might without notice and without legal process, enter and take possession of the merchandise so sold, and make such disposition thereof as might be deemed desirable—all payments previously made thereon to be deemed as liquidated damages, etc.

On the same day the Neal Furniture Company sent to the C. I T. Corporation, at the Memphis office, through the mails, the contract so made with L. S. Stuart, for its acceptance; the C. I. T. Corporation purchased the contract, accepting it at the Memphis office. Thereafter the purchaser, L. S. Stuart, sold or transferred the refrigerator to W. H. Stuart, who agreed to assume all the unpaid obligations; but it was provided in the transfer or sale that L. S. Stuart was to remain liable on the contract also.

W. H. Stuart defaulted in the payment of some of the obligations, and the C. I. T. Corporation matured the unpaid obligations, and instituted a replevin suit in the justice of the peace court for possession of the refrigerator under the said reserve contract title so purchased by it. The case was tried on stipulated facts, and on the contract reserving title, the stipulated facts containing, among other things, an agreement as to the facts above stated; which stipulations being lengthy, we deem it unnecessary to set them out in full.

The only question for consideration on this appeal is whether the C. I. T. Corporation was precluded from maintaining a suit by its failure to file with the Secretary of State the appointment of an agent within the state, upon whom process might be served, binding upon the company, in accordance with the provisions of section 4140, Code of 1930, which reads as follows: "Every domestic corporation shall maintain an office in the county of its domicile in this state, either in charge of an officer or officers of the corporation, or in charge of some persons or corporation duly designated as resident agent for the service of process by the directors (by whatever name called) of such corporation, a duly certified copy of

the resolution designating such resident agent, and the written acceptance of such agency by the agent, to be filed with the secretary of state. In the event of the death, resignation or removal of such resident agent, another shall be substituted within thirty days in the same manner and accompanied by the same fee as in the former appointment; and until such substitution, or in event of the failure of a corporation to so designate and qualify a resident agent where one is required by this act, the secretary of state shall be the agent for the service of process upon such corporation without resident agent, until one shall have been designated as herein provided. Every foreign corporation doing business in the state of Mississippi, whether it has been domesticated or simply authorized to do business within the state of Mississippi, shall file a written power of attorney designating the secretary of state or in lieu thereof an agent as above provided in this section, upon whom service of process may be had in the event of any suit against said corporation; and any foreign corporation doing business in the state of Mississippi shall file such written power of attorney before it shall be domesticated or authorized to do business in this state, and the secretary of state shall be allowed such fees therefor as is herein provided for designating resident agents. Any foreign corporation failing to comply with the above provisions shall not be permitted to bring or maintain any action or suit in any of the courts of this state.''

From the statement of facts it will be seen that the transaction here involved was the purchase by the C. I. T. Corporation, at its office in Memphis, Tennessee, of the reserve title contract, containing the obligation to pay monthly the deferred payments on the refrigerator, with the right to mature all deferred payments, on failure on the part of the purchaser of the refrigerator to meet the payments as stipulated in the contract. The contract of purchase by the C. I. T. Corporation was executed and completed at Memphis, Tennessee, and a per-

son or corporation buying such contract or commercial paper outside of the state is not considered as doing business within the state, in the meaning of the statute above set out. See North American Mortg. Co. v. Hudson, 176 Miss. 266, 168 So. 79, and authorities cited in that case; 14A C. J., page 1281, par. 3991; 12 R. C. L. page 72, section 50; Clark on Corporations, page 774.

It was therefore error for the court below to grant a peremptory instruction for the defendant, and to enter judgment in accordance therewith for the defendant. The judgment will be reversed and the cause remanded for further proceedings.

Reversed and remanded.