YELLOW MFG. ACCEPTANCE CORPORATION *v*. AMERICAN OIL Co.

(In Banc. June 14, 1941.)

[2 So. (2d) 834. No. 34654.]

758

**John Horan,** of Water Valley, for appellant.

Hannah, Simrall & Foote, of Hattiesburg, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellant, hereinafter referred to as the Acceptance Corporation, brought this action of replevin in the Circuit Court of Yalobusha County against the appellee, the American Oil Company, to recover the possession of six automobiles. By consent of the parties the cause was tried on the pleadings and evidence before the circuit judge, acting as judge and jury, resulting in a judgment in favor of the Oil Company in the sum of $600.

The Acceptance Company had given a forthcoming bond for the automobiles, which were valued at that sum. From that judgment the Acceptance Company prosecutes its appeal.

The Oil Company was the owner of a lot and building in the city of Water Valley, which it leased to Zeb Pearce, who conducted on the premises, under the name of Pearce Service Company, the business of an automobile dealer, handling both new and second-hand cars, and in addition refrigerators, stoves, water heaters, gas heaters, radios, a filling station, etc. Pearce sold the six automobiles involved in this cause to different persons taking from each a reserve title purchase money contract for the unpaid balance. Pearce was in arrears for the rent of the place. The Oil Company sued out a distress therefor. That proceeding resulted in a judgment in favor of the Oil Company. The execution of the judgment resulted in the purchase of the automobiles by the Oil Company.

Thereupon the Acceptance Corporation brought this action of replevin as stated, to recover the automobiles.

The Oil Company contends that the Acceptance Corporation was not entitled to recover because it was barred from resort to the courts of the state by reason of the fact that it was a foreign corporation doing business in the state without having qualified so to do, as required by the last paragraph of section 4140, Code of 1930. And if mistaken in that contention, the Oil Company, conceding that the automobiles belonged to the Acceptance Company, nevertheless contends that it was not entitled to recover on account of the sign statute, section 3352, Code of 1930. These two statutes, in the order referred to, are in this language:

"Every foreign corporation doing business in the state of Mississippi, whether it has been domesticated or simply authorized to do business within the state of Mississippi, shall file a written power of attorney designating the secretary of state or in lieu thereof an agent as above provided in this section, upon whom service of process may be had in the event of any suit against said corporation; and any foreign corporation doing business in the state of Mississippi shall file such written power of attorney before it shall be domesticated or authorized to do business in this state, and the secretary of state shall be allowed such fees therefor as is herein provided for designating resident agents. Any foreign corporation failing to comply with the above provisions shall not be permitted to bring or maintain any action or suit in any of the courts of this state."

"If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action

used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property.''

The Acceptance Corporation was a foreign company, with neither place of business nor agents in this state. It was engaged at its office in a foreign state in the purchase of the character of contracts being handled by Pearce. In the course of such business it purchased the contracts covering the six automobiles involved, Pearce guaranteeing the payment of the balances due on them. The purchasers of the automobiles, being in arears under the terms of their contracts, surrendered them to the Acceptance Corporation. They were left with Pearce for the Acceptance Corporation. According to the evidence on behalf of that corporation, they were left with Pearce for storage only, without any right on his part to sell. Pearce kept them in and around his place of business.

According to the evidence on behalf of the Oil Company, Pearce's employes were authorized to offer them for sale, subject to the approval of the Acceptance Corporation. In other words, Pearce was to look out for and report prospective purchasers, with a view to the resale of the automobiles.

Was the Acceptance Corporation barred from the courts of this state because of its failure to comply with the last paragraph of section 4140, Code of 1930? We think not. It was not engaged in business in this state—the business was done in a foreign state. A foreign corporation sending agents into this state to solicit the purchase of reserve title purchase money contracts, and purchasing such contracts at its office outside of the state, was not doing business in this state within the meaning of the statute. Refrigeration Discount Corp. v. Turley, 189 Miss. 880, 198 So. 731; Wiley Electric Co. v. Electric Storage Battery Co., 167 Miss. 842, 147 So. 773; Marx & Bensdorf, Inc., v. First Joint Stock Land Bank, 178 Miss. 345, 173 So. 297; Dodds v. Pyramid Securities Co., 165 Miss. 269, 147 So. 328; North American Mortg. Co.

v. Hudson, 176 Miss. 266, 168 So. 79; C. I. T. Corp. v. Stuart, 185 Miss. 140, 187 So. 204.

Nor does the fact that the Acceptance Corporation, after acquiring the automobiles, undertook through Pearce and his employes to dispose of them to purchasers, constitute doing business in this state under the statute. North American Mortg. Co. v. Hudson, 176 Miss. 266, 168 So. 79; Harleston v. West Louisiana Bank, 129 Miss. 111, at page 120, 91 So. 423. Such action was a mere incident to the original purchase and acquisition of the contracts. It was a step toward realizing on the contracts and closing up the matter. In other words, the character of the original transaction, by means of which the Acceptance Corporation acquired the contracts, colored everything done thereafter toward enforcing them. Again, in different language, they were foreign contracts to begin with, and continued so to the end, notwithstanding that in order to enforce them it was necessary to resort to local action.

Pearce had no sign about his place of business indicating that the automobiles involved were not a part of his regular stock in trade. The Oil Company contends that his failure to comply with the sign statute made the automobiles liable for his debts, and that it therefore got a good title to them by virtue of its purchase at the rent distress sale.

We think the contention is without merit—that the sign statute had no application. The mere permissive possession of property by a trader, where he has no right to use it in his business, does not bring him within the operation of the sign statute. Hall's Self-Feeding Cotton Gin Co. v. Berg, 65 Miss. 184, 3 So. 372. Unless the property be "used or acquired" in the business with the consent of the real owner, it does not become liable under the statute. Adams v. Berg, 67 Miss. 234, 7 So. 225. The statute has no application against the original seller who, to secure the purchase money reserved title by writing, signed and acknowledged by the purchaser, and recorded.

Tufts v. Stone, 70 Miss. 54, 11 So. 792. It does not apply to property neither used nor acquired in the trader's business. Longino v. Delta Bank, 76 Miss. 395, 24 So. 901. The acquisition and use of jitney buses for hire does not come within the statute. Orr v. Jackson Jitney Co., 115 Miss. 140, 75 So. 945; Carnaggio Bros. v. Greenwood, 142 Miss. 885, 108 So. 141. The statute is highly penal. Where it applies, in effect it takes, without compensation, one person's property and gives it to another. It is to be strictly construed against any claim thereunder. How could Pearce have complied with the statute considering the character of business in which he was engaged? By placing a tag on each automobile, showing that it belonged to the Acceptance Corporation? What character of sign should he have put up over his place of business? The question is not without difficulty, but we are of the opinion that these automobiles were not acquired and used by Pearce in the ordinary course of his business, and therefore the statute does not apply.

Reversed and judgment here for appellant.