A. H. Stone, Chairman State Tax Commission, *v.* Yellow Manufacturing Acceptance Corporation.

(In Banc.   April 27, 1942.   Suggestion of Error Overruled June 8, 1942.)

[7 So. (2d) 820.   No. 34988.]

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, J. H. Sumrall, of Jackson, and R. W. Heidelberg, of Hattiesburg, for A. H. Stone, Chairman State Tax Commission.

**Watkins & Eager,** of Jackson, for Yellow Manufacturing Acceptance Corporation.

Argued orally by **R. W. Heidelberg, J. H. Sumrall** and **Geo. H. Ethridge**, for appellant, and by **W. H. Watkins,** for appellee.

**McGehee, J.**, delivered the opinion of the court.

We are of the opinion that the questions involved on this appeal are controlled by the decisions in the cases of A. H. Stone, Chairman, State Tax Commission, v. General Contract Purchase Corporation, 193 Miss. 301, 7 So. (2d) 806, and A. H. Stone, Chairman, State Tax Commission, v. General Electric Contracts Corporation, 193 Miss. 317, 7 So. (2d) 811, wherein the opinions are this day rendered. That, therefore, the decree of the court below herein which holds the appellee is entitled to recover th‍

tax paid to the appellant, and which enjoins the payment of the said tax into the state treasury, should be reversed and the bill of complaint dismissed. It is so ordered.

Reversed and judgment here for the appellant.

**Alexander, J.,** delivered a dissenting opinion.

I am compelled to dissent from the holding of the majority of the court for the reasons set forth in the dissenting opinion in Stone v. General Electric Contracts Corporation, 193 Miss. 317, 7 So. (2d) 811, this day decided. We have already held that a corporation conducting a business similar to that of appellee here was not doing business in this state within the terms of Section 4140, Code of 1930. C. I. T. Corporation v. Stuart, 185 Miss. 140, 187 So. 204. The majority opinion, therefore, must rest upon the artificial definition found in Section 5, Chapter 110, Laws of 1940. The legislature may change the meaning of the phrase "doing business," but it is not free to redefine "interstate commerce."

**Griffith, J.,** concurs in this dissent.

Affirmed by U. S. Supreme Court, 87 L. Ed. 23.