MERCHANTS GROCERY CO., et al. *v.* GULLEY GROCERY CO.

Division B.   Nov. 20, 1950.

No. 37563   (48 So. (2d) 606)

Ebb J. Ford, Jr., for appellants.

**H. W. Gautier,** for appellee.

**Holmes, C.**

On March 9, 1949, the appellee instituted attachment proceedings against Mrs. Astrid Brinkman and Carl Brinkman, husband and wife, in the Circuit Court of Jackson County. The affidavit for the writ of attachment alleged that appellee was a partnership composed of Robert C. Gulley and M. H. Dossett engaged in the operation of a wholesale grocery business, and that the said Mrs. Astrid Brinkman and Carl Brinkman were partners doing a retail grocery business under the trade name ''Brinkmans'', and were indebted to the appellee in the sum of $4,220.03 for goods, wares, and merchandise theretofore sold and delivered to the Brinkmans. The affidavit further alleged statutory grounds for attachment. On the same day, March 9, 1949, the writ of attachment was issued and levied upon the stock of goods, wares, merchandise and fixtures found in the store, which was alleged to be operated under the name ''Brinkmans''. A declaration in the cause was thereafter duly filed by the appellee. To this declaration Mrs. Brinkman filed a plea in abatement and answer to the declaration, traversing the truth of the alleged grounds upon which the attachment was sued out, and averring, among other things, that she was the owner of the business, and that Carl Brinkman had no interest therein.

The attachment issue was tried at the April, 1949, term of the court, and at the conclusion of the evidence, and on motion of appellees, a non-suit was entered as to Carl Brinkman. The issue was then submitted to the jury as between the appellee and Mrs. Brinkman and resulted in a verdict and judgment sustaining the attachment, the same being rendered and entered on April 13,

1949. The transcript of the evidence introduced on the trial of the attachment issue is not made a part of the record on this appeal, but the jury manifestly found the ownership of the property to be in Mrs. Brinkman.

On April 25, 1949, after due advertisement thereof, the sheriff sold the property under the attachment levy and realized therefrom the net sum of $1,720.50, which sum was paid into court. Prior to the sale the appellants notified the sheriff that they asserted claim to the proceeds of the sale as claimed judgment creditors of Mrs. Astrid Brinkman and Carl Brinkman. At the succeeding term of court, to wit, at the May, 1949, term, the appellants, with leave of the court, filed their intervening petition asserting claim to the proceeds of the sale of the property by virtue of a number of judgments, some of which were rendered against Carl Brinkman prior to the levy of the attachment, and the remainder of which were rendered against Mrs. Brinkman and Carl Brinkman subsequent to the levy of the attachment. The issue raised by the petition of the intervenors was tried by the court without a jury, and at the conclusion of the evidence offered on behalf of the intervenors the appellee moved the court to exclude the evidence and dismiss the petition of the intervenors, and this motion was sustained and judgment entered accordingly, directing that the proceeds of the sale of the property be applied to the indebtedness due the appellee.

The appellants appealed from this judgment, contending that Carl Brinkman was conducting the business as a trader, and that under Section 273 of the Mississippi Code of 1942, commonly known as the ''sign statute'', the property employed in the business should as to creditors be treated as his property.

As to the judgments rendered against Mrs. Brinkman and Carl Brinkman subsequent to the levy of the attachment, it is clear that these judgment creditors acquired no prior rights to the proceeds of the sale, since the property was bound by the attachment from the

date of the levy thereof. Section 2686, Mississippi Code of 1942.

The only remaining question is whether or not the evidence introduced on behalf of the intervenors was sufficient to show that Carl Brinkman was a trader within the purview of Section 273 of the Mississippi Code of 1942, so as to subject the property employed in the business to judgments rendered and enrolled against him prior to the levy of the attachment. ▉▉ The burden of proof on this issue was upon the intervenors. ▉▉ The statute in question is highly penal, and is to be strictly construed against any claim thereunder. Yellow Manufacturing Acceptance Corp. v. American Oil Co., 191 Miss. 757, 2 So. (2d) 834.

The trial court heard the evidence and decided the issue adversely to the appellants, and we are unable to say that the trial court was manifestly wrong in sustaining the motion of appellee to exclude the evidence on behalf of the intervenors and dismiss the intervening petition. It follows, therefore, that the judgment of the trial court must be affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the case is affirmed.