STATE TAX COMMISSION *v.* MITCHELL, et al.

No. 41030 February 16, 1959 109 So. 2d 154

*John E. Stone,* Jackson, for appellant.

*N. S. Sweat,* Corinth, for appellees.

GILLESPIE, J.

This case involves a question of the application of Section 273, Mississippi Code of 1942, commonly known as the sign statute.

G. F. Mitchell was engaged in the appliance business in Corinth, Mississippi, doing business under the trade name of Mitchell & Austin Refrigeration Company. He was engaged in the business of selling at retail appliances such as refrigerators, washing machines, air condition-

ers, and television sets. He became indebted to appellant for sales taxes and a tax warrant was issued against him in the sum of $5,714.60, and this warrant was filed with the Circuit Clerk of Alcorn County. Some payments were made by Mitchell reducing the balance due on the tax warrant to $5,143.71. Execution was issued on the tax warrant by the Circuit Clerk of Alcorn County, and the sheriff seized about 105 items of merchandise consisting of electrical appliances on which the sheriff placed a total value of $15,985.50. Appellee, Refrigeration Discount Corporation, filed three separate claimant's affidavits and bonds claiming title to the property seized by the sheriff, and the property was released to appellee. The State Tax Commission tendered issue raising the question of the applicability of the sign statute, Section 273, Code of 1942. Appellee claimed five items by virtue of a trust receipt, but this trust receipt had not been recorded within twelve months and the lower court held that appellee had no claim to said five items which the court valued at $532.54, and rendered judgment for appellant for said sum. There is no crossappeal as to said five items and we are not here concerned with those items.

There were approximately 100 items consisting of electrical appliances of the kinds already mentioned, which appellee claimed it owned and which claim was sustained by the lower court and the property ordered released to appellee. These items were subsequently sold by appellee and appellant seeks to recover on this appeal the balance due on its tax warrant amounting to $4,611.17 plus interest.

All of the items of merchandise involved had been sold by G. F. Mitchell from his store which bore the sign, "Mitchell & Austin Appliance Company", at retail, the purchase price or a part thereof being evidenced and secured by retention of title contracts which were not recorded. These contracts were sold to appellee, who main-

tained an office in Memphis, Tennessee. The individual purchasers of the items involved in this suit defaulted and appellee repossessed the merchandise with the assistance of Mitchell, after which the property was placed in Mitchell's store. Mitchell cleaned the property and commingled it with his own and offered it to the public for sale, so as to minimize his loss and the loss of appellee. Mitchell had endorsed the original retention of title contracts with recourse. In making sale of such repossessed items, Mitchell could not sell without the approval of appellee, which he obtained by telephoning the Memphis office, and this was true whether the resale was for cash or on retention of title contracts. There was no statement or sign on the front of the store, or anywhere else, or on any of the merchandise, indicating that appellee was the owner. There was no document on the public records showing that appellee was the owner of said property.

The sign statute, Section 273, Code of 1942, is as follows: "If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property. Provided, however, that the provisions of this act shall not apply to the hereinafter described property when a person, firm, or corporation places in a store or mercantile establishment or other place of business a refrigerated box, vending machine or other container to be used in said store, mercantile establishment, or other place of business, which refrigerated box,

vending machine, or other container is plainly marked with a sign, painted on or attached to and prominently displayed on such property, showing said property to be the property of the person, firm, or corporation, placing the same therein.''

▆▆ Mitchell was a trader within the meaning of the statute. In Merchants and Farmers Bank v. Schaaf, 108 Miss. 121, 66 So. 402, this Court said that a trader is one who is engaged in trade or commerce; one who makes it a business to buy, sell or exchange goods; one who has transactions as a dealer in bartering and trafficking.

Appellee did not claim title to the property involved under any recorded instrument. There was no sign on the place of business or on the property disclosing that appellee was the owner of the property. The property was in Mitchell's store, offered for sale to the public.

▆▆ The only question presented by this case is whether or not appellee's property was ''used or acquired'' in Mitchell's business. We are of the opinion that the evidence clearly shows without dispute that the property claimed by appellee was used and acquired in Mitchell's business. It was a part of his stock of goods displayed and offered for sale to the public; in fact, it appears that the property involved constituted the larger part of the stock of goods offered for sale by Mitchell.

Appellee relies principally on the case of Yellow Mfg. Corp. v. American Oil Company, 191 Miss. 757, 2 So. 2d 834, and if appellee is entitled to an affirmance of this case, it can only be on the basis of that decision. But that case is not in point for the reason that the Court there interpreted the facts as showing that the automobiles involved ''were not acquired and used by Pearce in the ordinary course of his business.'' Under the terms of the statute, it is not applicable unless the property is used or acquired in the business. It cannot be said that the property involved in the present case was not acquired or used in Mitchell's business.

 We recognize that the sign statute is highly penal and is to be strictly construed against any claim thereunder, but it is the law of this State and must be enforced where it is clearly applicable, as it is in this case.

Reversed and judgment here for appellant for the amount of its claim.

*McGehee, C. J.,* and *Lee, Kyle* and *Arrington, JJ.,* concur.