214 So.2d 822 (1968)
ROSS CONSTRUCTION COMPANY, Inc.
v.
U.M. & M. CREDIT CORPORATION.
No. 45000.
Supreme Court of Mississippi.
October 21, 1968.
*823 Ellis & Ellis, Vicksburg, for appellant.
Prewitt, Bullard, Braddock & Vance, Vicksburg, for appellee.
RODGERS, Justice:
This is a replevin suit to recover certain heavy road building equipment. It was filed by the U.M. & M. Credit Corporation of New York against Ross Construction Company, Inc. in the Circuit Court of Warren County, Mississippi, and resulted in a judgment in favor of the appellee.
The facts giving rise to this litigation came about under the following circumstances. The Ross Construction Company purchased several items of heavy road building equipment from Carter Equipment Company, Inc. of Jackson, Mississippi and gave its title retention note covering the property here in litigation for the total sum of $41,586, payable in twenty-four monthly installments. The Carter Equipment Company transferred the note to U.M. & M. Credit Corporation. The appellant paid several payments, and at the time the suit was filed a balance of $22,525.75 was due.
When the appellant failed to pay the installments, the assignee of the title retention note brought this suit to recover the equipment, resulting in the judgment above mentioned. The appellant filed a demurrer to the declaration in replevin, but it was overruled by the trial court. Appellant then pleaded not guilty in answer to the declaration. During the trial, the appellant sought to introduce testimony based upon its affirmative contention that the appellee, U.M. & M. Credit Corporation, was a foreign corporation doing business in Mississippi, but was not qualified to do business in this state according to the requirements of Mississippi Code 1942 Annotated section 9346 (1956) and Mississippi Code 1942 Annotated section 5309-239 (Supp. 1966). It was then contended that this foreign corporation therefore could not use the courts of Mississippi to collect its indebtedness. The credit company objected to the introduction of this testimony upon the ground *824 that the defendant, Ross Construction Company, Inc., had not pleaded this affirmative defense, whereupon, the court permitted the defendant construction company to amend its "plea of not guilty" to include the affirmative plea that the plaintiff was a nonresident corporation doing business in Mississippi.
The appellee argues here that the court erred in allowing the defendant to amend its "plea of not guilty," and contends that the issue of whether or not the credit company was doing business in this state should not have been considered by the trial court and that this question therefore is not a proper issue for determination in this Court.
We are of the opinion, however, that the amendment was properly allowed by the trial judge. Carruth v. Easterling, 247 Miss. 364, 150 So.2d 852 (1963); 46 Am.Jur. Replevin § 109 (1943); 41 Am. Jur. Pleading § 288 (1942).
The real issue, and the only defense which appellant has presented to the suit, is the contention that the credit corporation is a foreign corporation doing business in Mississippi without having first qualified to "transact business" in this state as required by Mississippi Code 1942 Annotated section 5309-221 (Supp. 1966). Appellee, it is said, is precluded from maintaining this suit of replevin against the defendant, Ross Construction Company, Inc., in the courts of this state, under the penalty prescribed by Mississippi Code 1942 Annotated section 5309-239 (Supp. 1966).
In 1962 the Mississippi Legislature rewrote the corporation laws of Mississippi, and in so doing adopted some of the previous corporation statutes. It also repealed some of the laws and in some instances added new corporation statutes to the body of the law. Mississippi General Laws, ch. 235 (1962).
Two of these sections of the Code, as amended, are Mississippi Code 1942 Annotated sections 5309-221 and 5309-239 (Supp. 1966). These sections are in the following language:
§ 5309-221. Admission of foreign corporation.
"No foreign business corporation for profit shall have the right to transact business in this state until it shall have procured a certificate of authority so to do from the Secretary of State. No foreign corporation shall be entitled to procure a certificate of authority under this Act to transact in this state any business which a corporation organized under this Act is not permitted to transact. A foreign business corporation for profit shall not be denied a certificate of authority by reason of the fact that the laws of the state or country under which such corporation is organized governing its organization and internal affairs differ from the laws of this state, and nothing in this Act contained shall be construed to authorize this state to regulate the organization or the internal affairs of such corporation. No foreign non-profit non-share or non-profit or non-share corporation shall be entitled to procure a certificate of authority under this Act.
"Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this Act, by reason of carrying on in this state any one or more of the following activities:
"(a) Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes.
"(b) Maintaining bank accounts.
"(c) Maintaining offices or agencies for the transfer, exchange and registration of its securities, or appointing and maintaining trustees or depositaries with relation to its securities.

*825 "(d) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts.
"(e) Transacting any business in interstate commerce.
"(f) Conducting an isolated transaction completed within a period of thirty (30) days and not in the course of a number of repeated transactions of like nature.
"(g) Investing in or acquiring, in transactions outside of Mississippi, royalties and other non-operating mineral interests, and the execution of division orders, contracts of sale and other instruments incidental to the ownership of such non-operating mineral interests."
§ 5309-239. Transacting business without certificate of authority.
"No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state.
"The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit or proceeding in any court of this state.
"A foreign corporation which transacts business in this state without a certificate of authority shall be liable to this state, for the years or parts thereof during which it transacted business in this state without a certificate of authority, in an amount equal to all fees which would have been imposed by this Act upon such corporation had it duly applied for and received a certificate of authority to transact business in this state as required by this Act and thereafter filed all reports required by this Act, plus all penalties imposed by this Act for failure to pay such fees. The Attorney General shall bring proceedings to recover all amounts due this state under the provisions of this section."
The record of the testimony in this case shows that the U.M. & M. Credit Corporation is a nonresident corporation of this state, with an office in the city of Memphis, Tennessee, and that the business of the corporation is that of purchasing title retention notes given to manufacturers and sellers of heavy construction and logging equipment, at discount, for profit. The record shows that the appellee credit corporation has an agent in Mississippi for the purpose of calling upon prospective sellers of title retention notes to solicit and induce them to submit the collateral notes taken from their customers to the office of the credit corporation in Memphis, Tennessee. The credit corporation furnishes the agent an automobile for his use in calling on manufacturers and dealers. The record also shows that the credit corporation offers its services to dealers to collect delinquent money due on notes, or to recover the possession of property described in the notes. The credit manager and the assistant vice president of the credit corporation have, on occasions, called upon persons in Mississippi whose accounts are delinquent. Both these agents have authority to accept contracts, but will not approve them except in their office in Memphis. One of the officers testified that the company had created contracts in the state of Mississippi upon a few occasions, when these officers had typed the contracts themselves, but he denied that they ever had approved purchase of a contract except in its office in Memphis, Tennessee. The credit corporation has bought more than a million and a half dollars worth of *826 Mississippi title retention notes. The appellant contends that the foregoing statement of facts constitutes "doing business" within Mississippi under the sections of the Code previously cited.
A study of this case reveals that the American Bar Association appointed a committee to make a study of the corporation laws of the United States, and that this committee, after many years of work, and many years of study, presented to the American Bar Association a model code known as the "Model Business Corporation Act." The Legislature of Mississippi adopted this model code, in the main, by the Laws of 1962. See Parker v. Lin-Co Producing Co., 197 So.2d 228 (Miss. 1967).
3 Model Business Corporation Act Annotated section 99 (1960) is in the following words:
"No foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority so to do from the Secretary of State. No foreign corporation shall be entitled to procure a certificate of authority under this Act to transact in this State any business which a corporation organized under this Act is not permitted to transact. A foreign corporation shall not be denied a certificate of authority by reason of the fact that the laws of the State or country under which such corporation is organized governing its organization and internal affairs differ from the laws of this State, and nothing in this Act contained shall be construed to authorize this State to regulate the organization or the internal affairs of such corporation.
"Without excluding other activities which may not constitute transacting business in this State, a foreign corporation shall not be considered to be transacting business in this State, for the purposes of this Act, by reason of carrying on in this State any one or more of the following activities:
"(a) Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes.
"(b) Holding meetings of its directors or shareholders or carrying on other activities concerning its internal affairs.
"(c) Maintaining bank accounts.
"(d) Maintaining offices or agencies for the transfer, exchange and registration of its securities, or appointing and maintaining trustees or depositaries with relation to its securities.
"(e) Effecting sales through independent contractors.
"(f) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this State before becoming binding contracts.
"(g) Creating evidences of debt, mortgages or liens on real or personal property.
"(h) Securing or collecting debts or enforcing any rights in property securing the same.
"(i) Transacting any business in interstate commerce.
"(j) Conducting an isolated transaction completed within a period of thirty days and not in the course of a number of repeated transactions of like nature."
It will be observed that subsections (g) and (h) of the Model Act were left out of the law by the Mississippi Legislature in writing section 5309-221, Mississippi Code 1942 Annotated (Supp. 1966).
The appellant contends that, since the legislature left these subsections out of the law enacted, the clear intent and purpose of the legislature was to include "the activity mentioned" in these subsections as "transacting business" in Mississippi. This is true, it is said, because the activities in *827 subsections (g) and (h) of section 99 of the Model Act were not excluded under the law in Mississippi prior to the enactment of section 5309-221, and therefore such activities were not considered to be "doing business" in Mississippi before the enactment of the "Mississippi Business Corporation Act" in 1962. See Dodds v. Pyramid Securities Co., 165 Miss. 269, 147 So. 328 (1933); Yellow Mfg. Acceptance Corp. v. American Oil Co., 191 Miss. 757, 2 So.2d 834 (1941). The fact that the legislature changed the wording of the corporation laws from the wording of the Model Act, it is argued, indicates that the legislature desired to change the law from the previous ruling of this Court of "not doing business in this state" to include the activity engaged in by the appellees as "doing business" in Mississippi.
This thesis is given some credence by this Court in the case of Parker v. Lin-Co Producing Company, 197 So.2d 228 (Miss. 1967). In that case this Court noted that the legislature had deleted several parts of the Model Code which were in conflict with preexisting laws, and this Court said: "The bill was amended in committee to eliminate the italicized words. This is an indication that the Legislature desired to adhere to the established law of this state relative to foreign corporations doing business in this state without first qualifying." 197 So.2d at 230.
It is now argued that anyone engaged in finance operations within this state is "doing business in Mississippi" within the meaning of Mississippi Code 1942 Annotated section 5309-221 (Supp. 1966).
The appellant points out that various acts of the legislature require that persons engaged in small loan businesses and in finance and handling of loans must obtain a license (Mississippi Code 1942 Annotated § 5571 (Supp. 1966), amending Mississippi Code 1942 Annotated section 5571 (1956); Mississippi Code 1942 Annotated section 5591-03 (Supp. 1966)), and that the words "doing business" with reference to finance mean "every act connected with lending money or acquiring notes and other forms of indebtedness."
The previously mentioned Yellow Manufacturing Acceptance Corporation v. American Oil Company, 191 Miss. 757, 2 So.2d 834 (1941), is a case very similar to the instant case. The American Oil Company was the owner of a lot and building in Water Valley, Mississippi. It leased its building to an individual who was engaged in selling automobiles and other merchandise to the public. The lessee sold six automobiles and reserved title to the automobiles for the unpaid balance.
The oil company sued and obtained judgment, and upon execution, the automobiles which were left in the building were sold. The oil company purchased them at the sale, whereupon the acceptance corporation brought a replevin action to recover the automobiles, based upon the purchase of the title retention notes. The oil company contended that the Yellow Manufacturing Acceptance Corporation was a foreign corporation "doing business" in Mississippi; that it had not qualified to do business in this state and was therefore precluded from filing suit in the courts of this state. This court said:
"Was the Acceptance Corporation barred from the courts of this state because of its failure to comply with the last paragraph of section 4140, Code of 1930? We think not. It was not engaged in business in this state  the business was done in a foreign state. A foreign corporation sending agents into this state to solicit the purchase of reserve title purchase money contracts, and purchasing such contracts at its office outside of the state, was not doing business in this state within the meaning of the statute. [Citing cases]" 191 Miss. at 762, 2 So.2d at 836.
It is true in the instant case that the U.M. & M. Credit Corporation does have an agent in Mississippi and that this agent does call upon manufacturers and sellers of *828 heavy loading and road building equipment to solicit and encourage them to sell their finance paper to the credit corporation. It is also true that this agent and other officers of the finance company do call upon delinquent debtors on the notes, but the business of the company is not carried on in Mississippi. Its business is carried on in the state of Tennessee. In fact, most of this business is done by mail.
We have reached the conclusion from a careful examination of the record in this case that the legislature did not change the previous holding of this Court by leaving out a part of the words set forth in the Model Code, supra; moreover, we are of the opinion that the facts do not show that the U.M. & M. Credit Corporation is transacting business in Mississippi. For these reasons the judgment of the trial court should be, and it is, hereby affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.