HUMBOLDT FOODS, INC., a corporation, Plaintiff,

v.

Rudolph MASSEY, Defendant.

No. DC 6636.

United States District Court
N. D. Mississippi,
Delta Division.

Dec. 31, 1968.

* Transcript, page 84.

** Gates and Remillard.

Howard G. Woodard, Clarksdale, Miss., James D. Senter, Jr., Humboldt, Tenn., for plaintiff.

Semmes Luckett, Clarksdale, Miss., for defendant.

## OPINION .

ORMA R. SMITH, District Judge.

On January 16, 1967 this Court received a motion to dismiss on the ground that the plaintiff, a Tennessee corporation, lacked capacity to sue since it had not complied with the provisions of Mississippi Code Annotated, Section 5309–221 (Supp.1964). On November 27, 1968 this Court heard oral arguments in Oxford, Mississippi, both on the law and on the facts involved in the motion.

The record discloses that in February, 1966 the defendant Rudolph Massey, accompanied by Homer Green and Tom Harris (all residents of Mississippi), travelled to Humboldt, Tennessee, to confer with Houston Herndon, president of the plaintiff, Humboldt Foods, Inc., on the possibility of a market or outlet for green beans which might be grown in Mississippi. Rudolph Massey, Homer Green and Tom Harris (hereinafter called planters) returned to Mississippi with a form contract used by the plaintiff corporation (hereinafter called the processor). On February 24, 1966 the planters returned to Humboldt, Tennessee, and resumed negotiations with the processor. At the end of this discussion, the parties entered into a contract whereby the aforementioned planters plus Jim Harris, William Heaton, and Robert Carson (also residents of Mississippi) agreed to cultivate in 1966, one

thousand acres of green beans of a variety selected by the processor. The processor assumed the obligation of harvesting the beans and hauling them to Tennessee.

During the growing season of 1966, Homer Atkins, a representative of the plaintiff, made occasional trips to Mississippi to advise the planters on proper methods of production and cultivation of green beans. When the beans were ready for harvest, the processor sent Thayer Woods, a contractor with mechanical bean harvesters, to Mississippi to harvest the beans and transport them to Humboldt, Tennessee. There is also evidence that the processor bought some green beans from a Mr. Stovall, also a resident of Mississippi, who contacted the plaintiff processor after he had become displeased with his market for green beans. These beans were delivered by Stovall to plaintiff at Humboldt, Tennessee.

■ The defendant contends that the contacts of the plaintiff processor are such that the processor was transacting business under the terms of Section 5309–239 Mississippi Code Annotated (Supp.1964), and hence cannot maintain any suit in any court in Mississippi. According to Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949), if the corporation was transacting business within the statute the plaintiff would be barred from maintaining the suit in federal court in Mississippi as well as in a state court.

■ Since the Mississippi Legislature enacted Sections 5309–221 and 5309–239, Mississippi Code Annotated (Supp.1964), there have been very few decisions by the Mississippi Supreme Court interpreting these statutes. Nevertheless, Mississippi has had similar statutes on its books for many years. The cases interpreting the earlier statutes indicate that a corporation is doing business for purposes of requiring it to qualify to have access to the courts of the state when the corporation enters the state and carries on a substantial part of

its business there on a regular basis. The question is largely one of fact to be determined by the circumstances of each particular case, and the activities must be judged as a whole. The courts recognize the distinction in doing business where the issue is whether a state has jurisdiction to subject a corporation to suit in the state, and doing business where the issue is whether a corporation must qualify to have access to the courts of the state. Davis-Wood Lumber Co. v. Ladner, 210 Miss. 863, 50 So.2d 615, 621 (1951). A corporation is not doing business in the latter sense merely because it has employees or agents in the state to solicit orders to be transmitted to the principal, or to perform acts incidental to interstate commerce. Morrison v. Guaranty Mortgage and Trust Co., 191 Miss. 207, 199 So. 110, 114 (1941).

In the present case the planters were seeking an outlet or market for the sale of beans which they might produce in Mississippi. The planters travelled to Tennessee on two different occasions to negotiate the contract with the processor. Since this was the first time that these planters had cultivated green beans for commercial use, it was natural that they would seek advice as to methods of cultivating beans from the processor, from agricultural experiment stations, and from all other available sources. Yet this advice was incidental to the purchase of the beans by the Tennessee processor from the planters in Mississippi. Under the circumstances, the harvesting and hauling of the beans was incidental and necessary to the formation of the contract.

The contract for the production of the thousand acres of beans encompassed all six planters in concert, and negotiations were made in concert. The evidence indicates that the processor considered this as one transaction for the purchase of one thousand acres of green beans. The only other evidence of contact which Humboldt Foods, Inc. had with the state of Mississippi was the fact that another planter (Mr. Stovall) sold his beans to

the plaintiff corporation after his planned outlet did not mature. As in Ross Construction Company, Inc. v. U. M. and M. Credit Corp., 214 So.2d 822, 828 (1968), the main business of the corporation was not carried on in Mississippi; it was carried on in Tennessee.

The defendant cites and relies upon Case v. Mills Novelty Co., 187 Miss. 673, 193 So. 625, 126 A.L.R. 1102 (1940), which case involved the sale of an ice cream dispenser to a Mississippi merchant by a corporation doing business in Chicago, Illinois. The corporation accepted a written order in Chicago from the Mississippi merchant. The dispenser was shipped to the merchant in Mississippi where it was accepted and used. The purchase money not having been paid, an action in replevin was instituted by the corporation for possession of the dispenser. Since the corporation had not filed a copy of its charter with the Secretary of State as required by law, the defendant contended that the sale was void because the corporation was doing business in the state of Mississippi. The contract of sale provided for servicing the dispenser for a period of a year on a gratis basis. The Mississippi Supreme Court held that the servicing constituted acts of a local nature and were not essential to the making of the sale and the delivery of the ice cream dispenser. In denying the corporation recovery, the Court said:

> "The servicing of this ice cream dispenser was purely a local transaction, *not incidental to or necessary for the formation of the sales contract.*"

Case, supra, page 679, 193 So. page 626.

In the case at bar the facts show that the acts performed by the processor in Mississippi were incidental to and necessary for the formation of the contract. The processor had the obligation of harvesting the beans and he performed this obligation by contracting with a third party, a Mr. Woods, to come from Michigan with the proper equipment and harvest the beans. It was necessary for the formation of the contract that the parties have the proper equipment and experienced people to harvest the beans. Once the beans had been harvested it was necessary that they be delivered to the processor in Tennessee. The trips which the representative of the processor made to Mississippi were not required by the contract and were incidental to the entire transaction. Taken as a whole, the transaction was interstate in nature and was initiated by the Mississippi residents travelling to Tennessee.

After a careful consideration, the Court has reached the conclusion that Humboldt Foods, Inc. did not have such substantial, regular contacts with the state of Mississippi so that it was transacting business under the terms of Mississippi Code Annotated, Section 5309–239 (Supp.1964).

### ORDER

In accordance with the Opinion signed today, it is

Ordered:

That the defendant's motion to dismiss for lack of capacity to sue is denied.