BRADY, Justice:
This is an appeal from the Chancery Court of Yalobusha County, Mississippi, wherein a pleading styled a “Plea in Abatement” was sustained against the appellant. From that judgment this appeal is taken.
Prior to June 6, 1967, the appellee had leased several trucks to the appellant for the purpose of hauling chickens in the appellant’s trucking business. The appellant was a corporation organized under the laws of the State of Alabama and had never received a license or authorization to do business in the State of Mississippi. On June 6, 1967, the appellant swore out an affidavit for writ of attachment against the appellee’s trucks and a writ of attachment thereon was issued for the purpose of securing a debt claimed to be due the appellant by the appellee. A controversy arose about the illegal routing of a truck in intrastate transportation in the State of Mississippi from Waynesboro, Mississippi to Water Valley, Mississippi. This and other causes precipitated the attaching of the appellee’s trucks. After a hearing was held on the motion to quash the writ of attachment, the motion was overruled by the circuit court, and upon proper motion the cause was transferred to the Chancery Court of the Second Judicial District of Yalobusha County, Mississippi, since an involved accounting between the parties was necessary to decide the issues.
On April 22, 1968, the appellee utilized in the chancery court the same plea in abatement, properly styled, which was based on the failure of the appellant (1) to obtain a certificate of authority to transact business in the State of Mississippi in compliance with the provisions of Mississippi Code 1942 Annotated section 5309-221 (Supp.1968), (2) to provide the Secretary of State of Mississippi with additional information required by Mississippi Code 1942 Annotated sections 5309-225, 5309-226, 5309-228 and 5309-229 (Supp.1968), and (3) to pay such fees as required by Mississippi Code 1942 Annotated sections 5309-261, 5309-262 and 5309-263. The plea further asserted that the appellant was prohibited as a foreign corporation from transacting business in the State of Mississippi without a certificate of authority and from maintaining an action suit or proceeding in any court of the State of Mississippi.
The astute chancellor found factually that the purchasing of poultry in Mississippi by the appellant’s president who resided and lived in Mississippi at the time, which poultry was routed and delivered to a destination in Mississippi without the necessity even of approval by the home office which was situated at Tuscumbia, Alabama, constituted doing business in Mississippi. Since the shipments frequently occurred, *917 the appellant was doing business in the State of Mississippi, and since appellant had neither become domesticated nor procured certificates of authority under Mississippi Code 1942 Annotated section 5309-221 (Supp.1968), it brought itself under the prohibition contained in Mississippi Code 1942 Annotated section 5309-239 (Supp.1968) and therefore was precluded from bringing or maintaining this or any action, suit or proceeding in this or any other court of this state. The chancellor further found that the appellee, with but slight contradiction, protested the intrastate operations and was particularly opposed to the activities which caused conflict with the constituted state authorities and tended to place his own vehicles in jeopardy; that estoppel would not lie for the public interest is such that the defense of transgressing sections 5309-221 and 5309-239 cannot be waived, and, finally, that if by conduct an appellee may be estopped to assert the defense, the appellee’s conduct in this cause has not come within that category and he is not estopped to assert the statutory defense. For these reasons the chancery court granted the plea in abatement and dismissed the suit of the appellant. From that dismissal this appeal is taken.
Appellant assigns as error the following:
1. That the court erred in sustaining the plea in abatement.
2. That the court erred in finding that the appellee was not estopped from asserting the incapacity of the appellant to sue.
Mississippi Code 1942 Annotated section 5309-239 (Supp.1968) in its first paragraph states as follows:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state.
The record is clear in this cause that the appellant was knowingly doing business in the State of Mississippi as a foreign corporation without a license or certificate of authority from the State of Mississippi. This fact is admitted by the appellant under the excuse that everybody was doing it. It is to be noted that this statute is a punitive statute designed to penalize those foreign corporations doing business in the State of Mississippi without qualifying as required by sections 5309-221 and 5309-239. This Court speaking through Justice Inzer in Parker v. Lin-Co Producing Company, 197 So.2d 228 (Miss.1967), succinctly held:
It is the opinion of this Court that the Legislature prohibited a foreign business corporation from doing business in this state without first qualifying as required by the act, and in the event such corporation violated this prohibition, it could not use the courts of this state to enforce any right of action that accrued prior to the time it qualified to do business in this state. To allow a corporation that has violated the express terms of the statute to avoid the effect of the statute by qualifying only in the event it found it necessary to enforce a cause of action, would defeat the purpose of the Legislature. We hold that a foreign corporation doing business in Mississippi without having qualified as required by statute cannot use the courts of this state to enforce any cause of action that accrued as a result of doing such business. In order to avail itself of the state courts to enforce a cause of action, a foreign corporation doing business in this state must have qualified to do business when the cause of action accrued.
See also Wood v. Gulf States Capital Corporation, 217 So.2d 257 (Miss.1968); Ross Construction Company v. U. M. & M. Credit Corporation, 214 So.2d 822 (Miss. *918 1968); Mid-Continent Telephone Corporation v. Home Telephone Company, 307 F.Supp. 1014 (N.D.Miss.1969); Bunge Corporation v. St. Louis Terminal Field Warehouse Company, 295 F.Supp. 1231 (N.D.Miss.1969); Humboldt Foods, Inc. v. Massey, 297 F.Supp. 236 (N.D.Miss.1968).
For the foregoing reasons it is the opinion of this Court that the chancellor was manifestly correct in dismissing the cause of action and therefore the judgment of the chancery court is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, SMITH and HARPER, JJ„ concur.