249 So.2d 379 (1971)
S & a REALTY COMPANY, a Corporation, Complainant/Appellant,
v.
L.B. HILBURN and Wife, Jane B. Hilburn, Defendants/Appellees.
No. 46274.
Supreme Court of Mississippi.
June 14, 1971.
*380 Wells, Wells, Marble & Hurst, Jackson, for complainant-appellant.
L. Breland Hilburn, Jackson, for defendants-appellees.
PATTERSON, Justice.
This appeal is from a final decree of the Chancery Court of Madison County which sustained a motion by L.B. Hilburn and his wife to dismiss the bill of complaint of S & A Realty Company for specific performance of a contract. The basis of the motion was that the complainant, a foreign corporation, was transacting business within the state, but had not qualified so to do, and was therefore barred from maintaining a suit in the courts of this state.
S & A Realty Company, a lessee of the Hilburns, filed its bill for specific performance of a lease contract which was executed on January 10, 1952, on certain lands in Madison County. The lease was for a span of ten years with an option to renew for an additional ten years and in the event of renewal the lessee was thereby granted an option to purchase the property. The lessee alleges that it had complied with all provisions of the lease and has now offered to exercise its option to purchase, but that the lessors, appellees, have refused to comply with the contract. This refusal precipitated this suit.
The lessors filed a sworn motion to dismiss the bill. It states:
(1)
That the S & A Realty Co., successor to the Alvin Siteman, Inc., was present in the State of Mississippi and was doing and transacting business by virtue of the performance of the following acts to-wit:
(A) The leasing of real property located in Madison County, Mississippi, said lease being finally executed and given force and effect within the state of Mississippi on 17th (sic) day of January, 1952.
(B) An agreement to construct a service station upon the property of the Defendants and the subsequent construction of said service station by lessor or its agent or agents acting for its principal.
(C) The maintaining and operating of the service station from date of construction until the present date either by lessee or by its agent or agents.
(D) The agreement to pay and the payment of $1200.00 annual rent in monthly installments to lessor for 10 years and lessee paying $125.00 per month upon releasing all being a continuing obligation to be performed by lessee and now being performed by lessee.
(E) The performance of acts and transaction which are pursuant to the very purpose of the corporation's existence *381 and not acts incidental to its purpose.
(F) The presence of the corporation within the state in an effort to purchase and hold real property in fee simple in the corporate name, also pursuant to the purpose of the corporation.
(G) Other matter to be shown upon hearing.
(2)
That the S & A Realty Company was formerly the Alvin Siteman, Inc. and that said Alvin Siteman, Inc., a Missouri Corporation, is not qualified to transact or do business in the State of Mississippi in that it has no Certificate of Authority pursuant to Section 5309-239 and that said Alvin Siteman, Inc. or S & A Realty Company is not authorized to transact business in this State pursuant to its purpose of incorporation.
Whereupon, the appellant, S & A Realty Company, filed an affidavit contra to the motion to dismiss. It provides in short:
The principal executive offices and place of business of S & A Realty Company, formerly of Alvin Siteman, Inc., is the County of St. Louis, State of Missouri. That said corporation was formerly named Alvin Siteman, Inc., but by change of name it is now S & A Realty Company. That said corporation is not and has never been qualified to do business in the State of Mississippi. That the only asset that it has in the State of Mississippi, is a lease on the land that is the subject of this lawsuit, under which lease it has sub-leased said property to Rainbow Oil Company, which company operates a service station thereon. * * *
The trial consisted of the introduction of certificates of the Secretary of State which indicate that Alvin Siteman, Inc. and S & A Realty Company, a Missouri corporation, had not qualified to do business within this state. A certificate and articles of incorporation of the S & A Realty Company of St. Louis, Missouri, were introduced, as was a certificate of amendment, indicating that the name of the corporation had been changed from Alvin Siteman, Inc. to S & A Realty Company. The lease between the parties was introduced as was a certificate of incorporation of Rainbow Oil Company, a Mississippi corporation.
The pleadings, including the sworn motion and counter-affidavit and the exhibits, compose the record on appeal. There was no oral testimony for the Court to consider.
The sole question before the trial court, and which is now before this Court, is whether the complainant, a foreign corporation, was "doing business" within this state without qualifying as required by Mississippi Code 1942 Annotated section 5309-239 (Supp. 1970) so that the courts of this state are barred to it as a party complainant.
In Davis-Wood Lumber Co. v. Ladner, 210 Miss. 863, 877-878, 50 So.2d 615, 620-621 (1951), we stated:
Whether a corporation is doing business in a state in the sense required for a process statute is a question dependent primarily upon the facts and circumstances of each particular case. A less strict interpretation of the phrase "doing business" is applied where there is an issue of whether a state court has jurisdiction, than is applied where the statute involved is one stating that a corporation must qualify before doing business in order to have access to the courts of the state. * * *
It is our opinion that a strict construction of Mississippi Code 1942 Annotated section 5309-239 (Supp. 1970), is required, it being penal, before access to the state courts is precluded to a foreign corporation found to be "doing business" in the state. Alabama Live Poultry, Inc. v. Ervin, 246 So.2d 915 (Miss. 1971). It is equally clear, we *382 think, since all of the facts are set out either in the pleading or the exhibits, there being no oral testimony of witnesses, that this Court is in the same position as the trial court in evaluating the facts and that the chancellor may be reversed if he erred in his interpretation thereof, whether manifestly in error or not.
The question of whether a foreign corporation is doing business within the state must be determined upon an ad hoc basis. Republic-Transcon Industries, Inc. v. Templeton, 253 Miss. 132, 175 So.2d 185 (1965); Davis-Wood Lbr. Co. v. Ladner, 210 Miss. 863, 50 So.2d 615 (1951); and Wiley Electric Co. of Jackson v. Electric Storage Battery Co., 167 Miss. 842, 147 So. 773 (1933).
Having considered the facts, we conclude that the lower court did not err in finding that the complainant was doing business within the state. The record reflects that the lease was executed on January 10, 1952, and was to take effect the first day of the month following completion of new Highway 51 from Jackson, Mississippi, to its intersection with old Highway 51 in Madison County. The construction of the highway being accomplished, the complainant notified the defendants of this fact giving effect to the lease. Subsequently, S & A renewed the lease for an additional ten years. It paid the agreed rentals under the provisions of the initial and renewal terms of the lease and now proposes to exercise the purchase option afforded thereby. All of these acts indicate a continuity of purpose over a protracted period of time and are in accord with the corporate function expressed by the charter issue to Alvin Siteman, Inc., now S & A Realty Company. Article 8 of the charter provides:
The corporation is formed for the following purposes: To buy, sell, lease, exchange, build and construct real estate of all kinds and description, and to * * *
The general rule with regard to leasing of realty as within the statutory provision of doing business within a state is expressed in 36 Am.Jur.2d, Foreign Corporations, section 343 (1968):
It has been held that the granting or obtaining by a foreign corporation of a lease on real property within a state does not constitute "doing business" within the state, for the purposes of a statute prescribing the right of a foreign corporation to do business. Holdings of this kind give weight to the fact that leasing was no part of the functions for which the corporations involved were organized. The obtaining of a lease does not constitute doing business within statutes prescribing conditions for the doing of business, where the lease is a single act or where it is merely incidental and preliminary to the business in which the corporation is engaged or is about to engage.
On the other hand, the obtaining by a foreign corporation of a lease on real property in a state has been held to constitute "doing business" within the state within the meaning of statutes prescribing the right of a foreign corporation to do business, where the obtaining of the lease was part of the local business of the corporation, or part of the functions for which the corporation was organized. A foreign corporation which, as the lessee of a building, sublet it to different sublessees for profit, has been held to be doing business within the state.
This latter theory was expanded somewhat in Case v. Mills Novelty Co., 187 Miss. 673, 193 So. 625 (1940), by this Court in announcing that a foreign corporation was doing business within the state when a contract it had entered into required servicing a dispenser within the state, a local transaction, and being in violation of Section 4164, Code of 1930, was unenforceable. In Marx & Bensdorf, Inc. v. First Joint Stock Land Bank of New Orleans, 178 Miss. 345, 351-352, 173 So. 297, 298 *383 (1937), this Court stated in quoting from Peterman Construction & Supply Co. v. Blumenfeld, 156 Miss. 55, 125 So. 548, 550 (1930), the following test:
"One test of whether or not a foreign corporation is `doing business' within the meaning of our statute is whether or not it is doing such acts as are within the function of its corporate powers." * * *
Assuming, as we do, that a strict construction of a penal statute is necessary, nevertheless, we cannot state that the lower court erred in finding the appellant was doing business in this state without qualifying as required by statute. The violation being ascertained, it follows that the prohibition imposed by the legislature must prevail. See Parker v. Lin-Co Producing Co., 197 So.2d 228 (Miss. 1967).
Affirmed.
ETHRIDGE, C.J., and RODGERS, SMITH and ROBERTSON, JJ., concur.