DAN M. LEE, Presiding Justice,
for the Court:
This is an appeal from a Final Judgment entered March 13, 1987, by the Chancery Court of Greene County, Mississippi, dismissing a Complaint by the intervenor/ap-pellant, Roland R. Graham, who sought as executor of his aunt’s estate a return of funds that were offset by plaintiff/appel-lee, Bank of Leakesville, Branch of First State Bank, Waynesboro, Mississippi (hereafter “the bank”), and applied to Roland Graham’s individual debt.
The question for review in this case is whether the bank had the right to apply the proceeds of an account to offset a debt and judgment to the bank. The chancellor answered the question in the affirmative. We concur.

The Facts

Mrs. Trilla Graham Nunn Gilmer, a widow, had a favorite nephew, Roland R. Graham, who was helpful to her and upon whom she bestowed favor. She designated Roland her attorney-in-fact by a power-of-attorney, dated July 6, 1980, which, according to Roland, afforded him the ability to conveniently handle his aunt’s financial matters, his aunt not being in good health. In addition, Mrs. Gilmer established in ap-pellee bank certain joint accounts with Roland in the name of “Mrs. J.W. Gilmer or Roland Graham.” The signature card for the savings account here now in question was personally signed by Mrs. Gilmer at the bank. The signature card clearly provided that
It is agreed and understood that the account established and referred to above as a joint account is payable to any one persons named or to any one of the survivors of the persons named, that from time to time hereafter further and additional deposits may be placed to the credit of this account and withdrawals made therefrom by any of the said persons, or any one of the survivors, that any balance therein remaining and/or the interest, if any, thereon may be paid to any of the said persons whether the others be living or not, and the receipt or *1080 acquittance of the person(s) so paid shall be a valid and sufficient release and discharge to the bank for any payment so made.
Furthermore, the passbook for same savings account provided
6. Two or More Depositors. In the case of an account in the name of two or more depositors the Bank may treat each Depositor as an agent of the other(s) with the authority to deposit or endorse and deposit in such account checks or other items payable to any one or more of such Depositors. The Bank is also authorized to receive and credit to such account checks or other items payable to any one or more of such Depositors which may not be endorsed and may supply absent endorsements.
7. Bank’s Right of Offset. Any indebtedness, direct or indirect, now or hereafter owing to the Bank by the Depositor either individually or jointly, may be charged to the account in the name of the Depositor or in the name of the Depositor and another or others.
Thereafter, Mrs. Gilmer died on October 4, 1981, and Roland qualified as executor of her estate. Independent of his dealings with Mrs. Gilmer, Roland was indebted to the Bank. Roland defaulted on his debt, resulting in the bank’s setting off $38,-810.75 in the savings account in the joint name of “Mrs. J. W. Gilmer or Roland Graham” on July 31, 1984.
Roland has exerted a mighty effort on appeal, attempting to convince this Court that the offset funds were not his alone, but were the exclusive property of the estate of Mrs. Trilla Graham Nunn Gilmer, deceased; therefore, the funds were not subject to being offset by the bank against his own personal debt. We are unconvinced.

Analysis

Furthermore, we note that the account was established as “Mrs. J.W. Gilmer or Roland Graham.” Miss.Code Ann. § 81-5-63 (1972), raises the presumption that any deposit into the account was intended to be in joint ownership, and by the further force of the statute, subject to withdrawal by either of the joint owners. Consequently, upon his aunt’s death, Roland could and should have taken steps to overcome this presumption. However, neither as executor nor individually did Roland give notice to the bank that the funds were an asset of the estate of his deceased aunt, rather than his alone as survivor. The chancellor made a factual finding that some of Roland’s dealings with the joint accounts prior to and after his aunt’s death concerned his individual interests unrelated in any way to Mrs. Gilmer. In short, he handled the account consistent with the essential elements of joint ownership and survivorship, did nothing to overcome the statutory presumption mentioned, supra, and, therefore, by statute, coupled with the contractual relationship established by Roland, his aunt and the bank, the bank had a right to set off the balance in the account against Roland’s debt to the bank.
The learned chancellor was correct in his conclusion on the facts, and this Court is left with the familiar “manifest error” standard of review. Boggs v. Eaton, 379 So.2d 520 (Miss.1980); Mississippi State Highway Commission v. Dixie Contractors, Inc., 375 So.2d 1202 (Miss.1979); S & A Realty Co. v. Hilburn, 249 So.2d 379 (Miss.1971); see, also, Pullman-Standard, a Division of Pullman, Inc. v. Swint, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). “... [t]his Court does not sit to redetermine questions of fact.” Johnson v. Black, 469 So.2d 88, 90 (Miss.1985).
Accordingly, the decree of the Chancery Court of Greene County, Mississippi in this cause, dated March 12, 1987, is affirmed and costs of this appeal are assessed to Appellant.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
ANDERSON and BLASS, JJ., not participating.