197 So.2d 228 (1967)
Ray N. PARKER, Billy E. Fisher, Co-Partners d/b/a Combined Swabbing Service, and Louie Grantham
v.
LIN-CO PRODUCING COMPANY.
No. 44329.
Supreme Court of Mississippi.
April 3, 1967.
Allen & Patterson, Brookhaven, Henley, Jones & Henley, Hazlehurst, for appellants.
Stratton & Jones, Brookhaven, for appellee.
INZER, Justice.
This is an appeal from a judgment of the Circuit Court of Lincoln County which held appellants liable for damage to appellee's oil well. The judgment must be reversed because appellee was doing business in this state as an undomesticated foreign corporation, and as such was not entitled to use the courts of this state to enforce its claim.
Lin-Co Producing Company, a Louisiana corporation, was owner of an oil, gas and mineral lease in Warren County. Lin-Co discovered a sand bridge in its oil well and hired appellants to attempt to remove the sand by sand bailing. During the sand bailing operation a wire line attached to the sand bailer broke, leaving the bailer and part of the line in the well.
Suit was brought charging appellants with negligence. In its defense appellants offered as a plea in abatement Lin-Co's lack of standing to sue, contending that Lin-Co was a foreign corporation doing business in the state without having qualified to do business and as such did not have a right to sue under Mississippi Code Annotated section 5309-239 (Supp. 1964). This section is, in part, as follows:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state.
The circuit court properly found that at the time this cause of action arose and at the time suit was filed, Lin-Co was a foreign corporation doing business in this state *229 without having qualified to do so as required by statute. Although the court held that the suit should be abated, it was not dismissed. The court held that if Lin-Co desired to qualify to do business in this state it could proceed with its suit, and after this ruling Lin-Co did qualify to do business in this state and proceeded with the suit.
This ruling was based on the theory that the statute prohibited only the maintaining of the suit and not the bringing of it, and accordingly, since the corporation complied with Mississippi statutes by qualifying to do business, the prohibition would be removed and Lin-Co could prosecute the suit already brought.
In his construction of the statute the circuit judge sought to distinguish the word "maintain" from the word "begin," since the latter word did not appear in section 5309-239 (Supp. 1964). In doing so he followed the reasoning found in 23 Am.Jur. Foreign Corporations § 351 (1939), at 328, where it is said:
* * * it is generally held that a compliance with the requirements after a contract has been entered into and after an action has been begun thereon is sufficient to enable the corporation to maintain the action. The words "maintain" and "prosecute" as used in such statutes are construed by the courts in these jurisdictions as being different in meaning from the words "institute," "commence," or "begin," and as implying that the action must be begun before it can be maintained.
However, the same section, at 328, states:
In some jurisdictions it is held, however, that although contracts made by a foreign corporation before complying with the local statutory requirements are not for that reason invalid, nevertheless the corporation has no standing at all in a court before such compliance; and a compliance after the commencement of a suit is not sufficient.
The courts of this country in defining the word "maintain" as applied to actions have given it several different meanings. In 54 C.J.S. at 902 particular applications of "maintain" are discussed as follows:
It has been held that the word "maintain," when applied to actions, has three meanings. One meaning of the term is to commence; to begin; to bring; to institute. However, it has been said with reference to actions that "maintain" means something more than to commence, and carries a different meaning from "begin" or "institute." Thus the second meaning of the word is to continue; to carry on; to support, as contradistinguished from to institute, the action that has already been brought; to persevere in or with; to commence and prosecute to a conclusion. In accordance with this view, it has frequently been said that to maintain a suit is to uphold, continue on foot, and keep from collapse a suit already begun. Where the word is employed to signify either the first or second meaning, it may comprehend the institution as well as the support of the action, including the commencement of or right to institute an action, and in this sense it implies that an action must be begun before it can be maintained. The third meaning of the term is to commence and prosecute to a conclusion that which has already been begun. In addition, the term is often used to signify an action yet to be instituted. A prohibition against the maintaining of an action or suit may or may not indicate a prohibition against beginning or commencing it.
Appellant urges that the purpose of this statute is to insure that foreign corporations comply with our state law, and that the construction placed on the statute (5309-239) by the circuit judge would defeat the purpose of the Legislature, and as a result only those foreign corporations which had litigation develop would have reason to comply with the statute.
*230 Prior to the adoption of the Mississippi Business Corporation Act of 1962, the law of this state was clearly to the effect that a corporation which failed to qualify to do business in this state could not subsequently qualify and bring or maintain a suit based upon transactions which occurred while it was doing business without having qualified. See Mississippi Code Annotated section 5319 (1957), before amended, and Peterman Construction & Supply Co. v. Blumenfeld, 156 Miss. 55, 125 So. 548 (1930).
Corporation statutes enacted in 1962 are based generally on the Model Business Corporation Act. Mississippi Code Annotated section 5309-239 (Supp. 1964) is based on section 117, Model Business Corporation Act Annotated (1960), which reads in part as follows:
No foreign corporation transacting business in this State without a certificate of authority shall be permitted to maintain any action, suit or proceedings in any court of this state, until such corporation shall have obtained a certificate of authority. Nor shall any action, suit or proceeding be maintained in any court of this State by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state, until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets. (Italics added).
The words italicized were part of a bill introduced as Senate Bill 1712 in the 1962 Regular Session of the Legislature. The bill was amended in committee to eliminate the italicized words. This is an indication that the Legislature desired to adhere to the established law of this state relative to foreign corporations doing business in this state without first qualifying. Furthermore, the Corporation Act, as enacted by the Legislature, expressly prohibited a foreign corporation from transacting business in this state until it had procured a certificate of authority to do so. Miss. Code Ann. § 5309-221 (Supp. 1964).
It is the opinion of this Court that the Legislature prohibited a foreign business corporation from doing business in this state without first qualifying as required by the act, and in the event such corporation violated this prohibition, it could not use the courts of this state to enforce any right of action that accrued prior to the time it qualified to do business in this state. To allow a corporation that has violated the express terms of the statute to avoid the effect of the statute by qualifying only in the event it found it necessary to enforce a cause of action, would defeat the purpose of the Legislature. We hold that a foreign corporation doing business in Mississippi without having qualified as required by statute cannot use the courts of this state to enforce any cause of action that accrued as a result of doing such business. In order to avail itself of the state courts to enforce a cause of action, a foreign corporation doing business in this state must have qualified to do business when the cause of action accrued.
The circuit judge correctly held that Lin-Co was doing business in this state without having qualified as required by statute, and that as a result thereof its suit should be abated. However, he was in error in refusing to dismiss the suit. For this reason the case is reversed, and judgment will be entered here dismissing the suit.
In view of this holding we do not reach the other matters assigned as error.
Reversed and judgment here for appellant.
GILLESPIE, P.J., and RODGERS, SMITH and ROBERTSON, JJ., concur.