374 So.2d 800 (1979)
HONEY FLUFF DONUT COMPANY, INC.
v.
DANIEL, INC.
No. 51382.
Supreme Court of Mississippi.
August 29, 1979.
*801 Robert G. Gilder, Southaven, for appellant.
Daniel, Coker, Horton, Bell & Dukes, James F. Steel, Jackson, for appellee.
Before ROBERTSON, BROOM and COFER, JJ.
ROBERTSON, Presiding Justice, for the Court:
The Circuit Court of the First Judicial District of Hinds County, Mississippi, sustained a motion to dismiss the suit brought by Honey Fluff Donut Company, Inc. against Daniel, Inc. The court based its action on the fact that Honey Fluff, a Tennessee corporation, was not authorized to do business in Mississippi at the time the contract between the plaintiff and defendant was entered into on October 31, 1973.
Honey Fluff had qualified to do business in Mississippi on March 11, 1975, and the cause of action on which Honey Fluff sued did not accrue until June 1, 1975, when Daniel became delinquent in the payment of franchise fees. When collection attempts failed, Honey Fluff finally filed suit on February 7, 1978.
Honey Fluff appeals from the dismissal of its action, assigning as error that:
The Circuit Court erred in dismissing this cause of action based on Section 79-3-247 because the cause of action did not arise until after the appellant had qualified to do business within the State.
The pertinent part of Mississippi Code Annotated section 79-3-247 (1972) provides:
"No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state.
"The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action, suit or proceeding in any court of this state."
The statute clearly states that the failure of a foreign corporation to qualify "shall not impair the validity of any contract or act of such corporation", so the contract of October 31, 1973, was still in full force and effect on March 11, 1975, when Honey Fluff qualified to do business in Mississippi; at the time the cause of action accrued on June 1, 1975; and at the time suit was filed on February 7, 1978.
In Parker v. Lin-Co Producing Company, 197 So.2d 228 (Miss. 1967), this Court construed Mississippi Code Annotated section 5309-239 (Supp. 1964), [now Mississippi Code Annotated section 79-3-247 (1972)], to mean that a foreign corporation:
"... could not use the courts of this state to enforce any right of action that accrued prior to the time it qualified to do business in this state." 197 So.2d at 230. (Emphasis added).
However, in Parker, this Court also held that:

"In order to avail itself of the state courts to enforce a cause of action, a foreign corporation doing business in this state must have qualified to do business when the cause of action accrued." 197 So.2d at 230. (Emphasis added).
Honey Fluff having qualified to do business in Mississippi on March 11, 1975, and the cause of action not having accrued until Daniel, Inc. defaulted in the payment of franchise fees on June 1, 1975 (almost three *802 months after Honey Fluff had properly qualified), this case is controlled by our decision in Parker, and Honey Fluff was entitled to bring suit in a Mississippi court to enforce its contract with Daniel, Inc.
The order of the lower court dismissing Honey Fluff's suit is, therefore, reversed, and this cause is remanded to the Circuit Court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.