465 So.2d 326 (1985)
MISS CAL 204, LTD., a California Limited Partnership
v.
Charlotte B. UPCHURCH, Conservator of the Person and Property of Maxine Neal Brown, Etc., and U.S.F. & G. Company.
No. 54658.
Supreme Court of Mississippi.
March 6, 1985.
*327 Don P. Lacy, Jackson, for appellant.
L. Keith Parsons, Watkins, Ludlam & Stennis, Jackson, for appellee.
Before PATTERSON, HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
The issue addressed by this appeal is whether a foreign limited partnership not properly registered in this state is barred from utilizing the Mississippi courts for a cause of action that accrued prior to its registration within the state.
The appellant, MISS CAL 204, LTD, is a California limited partnership which filed suit in the Chancery Court of Hinds County against Charlotte B. Upchurch, individually and as conservator of Maxine Neal Brown, her ward, and United States Fidelity and Guaranty, surety of the conservator. The chancery court granted a motion for summary judgment in favor of all defendants based upon the partnership's failure to register its partnership under the Uniform Foreign Limited Partnership Act, Miss. Code Ann. § 79-13-213 (Supp. 1982) prior to the time the cause of action accrued.
MISS CAL 204, LTD appeals assigning as error:
(1) The lower court erred in holding appellant's action barred by Miss. Code Ann. § 79-13-213 (Supp. 1982); and
(2) The evidence was insufficient to establish that appellant was "doing business" within the meaning of Miss. Code Ann. § 79-13-213 (Supp. 1982).

I.
Plaintiff/appellant, MISS CAL 204, LTD is a California limited partnership with its principal place of business in Ventura, California. Defendant/appellee, Charlotte B. Upchurch, is an adult resident of Sunflower County, Mississippi and the conservator of the person and property of Maxine Neal Brown, a ward of the Hinds County Chancery Court. U.S.F. & G. is the surety on Ms. Upchurch's conservatorship bond.
Appellee Upchurch entered into a contract with ITEY Corp. for the sale of a home and lot located in Jackson, the property of her ward, Brown. David T. Huntington signed the contract on behalf of the corporation as its assistant secretary. ITEY subsequently assigned its interest in the contract to appellant, MISS CAL 204.
MISS CAL 204 continued negotiations with Upchurch relative to the sale of the property. On April 17, 1981, Upchurch executed a warranty deed conveying the property to MISS CAL 204. The deed was delivered to Chicago Title Insurance Agency of Mississippi, Inc. as escrow agent for MISS CAL 204. Final delivery to MISS CAL 204 was conditioned upon the receipt by the escrow agent of the certificate of limited partnership of MISS CAL 204, LTD, and the application for registration as a foreign limited partnership of MISS CAL *328 204, LTD. David Huntington, as general partner of MISS CAL 204, executed a promissory note and deed of trust on behalf of the partnership and delivered these documents to the escrow agent.
MISS CAL 204 took possession of the property and placed it under the management of H.C. Ashcraft, Realtors. After making certain repairs, Ashcraft leased the property to Chester Ware and his wife, Lucille. At the time of the sale and the subsequent rental arrangements, MISS CAL 204 was not registered to do business in the State of Mississippi.
The Chancery Court of Hinds County refused to confirm the sale of the property. The record here does not reflect the reason. On August 25, 1982 MISS CAL 204 registered to do business in Mississippi. On November 24, 1982, the partnership filed its complaint against Upchurch, alleging breach of contract and misrepresentation. Following motion of the appellee, the trial court granted summary judgment against the appellant on the ground that appellant's alleged cause of action accrued prior to its registration to do business in the State of Mississippi and, therefore, appellant's action was barred by Miss. Code Ann. § 79-13-213 (Supp. 1982).

II.
Did the trial court err in holding appellant's suit barred by Miss. Code Ann. § 79-13-213, a portion of the Mississippi Uniform Foreign Limited Partnership Law.
(1) A foreign limited partnership transacting business in this state may not maintain any action, suit or proceeding in any court of this state until it has registered in this state.
Appellant obtained its certificate of registration to do business in Mississippi on August 25, 1982. The warranty deed to the property involved was executed by Upchurch on April 17, 1981. The contract for the sale of the property was entered into sometime prior thereto. Appellant filed its complaint on November 24, 1982[1]. The question thus presented is whether a foreign limited partnership which has registered to do business in the state is barred by section 79-13-213 from suing in the Mississippi courts on a cause of action which accrued prior to registration?
This Court has not previously construed section 79-13-213 nor is any authority found from other jurisdictions having like statutes based on section 907 of the Uniform Limited Partnerships Act. Appellant argues that the statute is plain on its face and that, as long as the foreign limited partnership is registered at the time the complaint is filed, the action may be maintained. Appellee, on the other hand, argues that in order to give effect to the purpose of the Foreign Limited Partnership Law, section 79-13-213 should be construed as requiring the partnership to be registered in the state at the time the cause of action accrues.
The law with respect to foreign corporations in this area is more fully developed and provides a helpful analogy. Miss. Code Ann. § 79-3-211 provides as follows:
No foreign business corporation for profit shall have the right to transact business in this state until it shall have procured a certificate of authority so to do from the secretary of state.
As a consequence of a failure to obtain a certificate, section 79-3-247 provides:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state.
In Parker v. Lin-Co Producing Co., 197 So.2d 228 (Miss. 1967), Lin-Co, a foreign corporation, sued Parker for damage to one of its oil wells located in Warren County, Mississippi. Defendant argued that Lin-Co was a foreign corporation doing business in this state without having qualified to do business and as such was barred from bringing suit by the corporate "door closing" statute (then section 5304-239). The *329 lower court abated the suit until such time as Lin-Co qualified to do business in Mississippi. On appeal, this Court held that the lower court erred in refusing to dismiss the action stating:
We hold that a foreign corporation doing business in Mississippi without having qualified as required by statute cannot use the courts of this state to enforce any cause of action that accrued as a result of doing such business. In order to avail itself of the state courts to enforce a cause of action, a foreign corporation doing business in this state must have qualified to do business when the cause of action accrued.

197 So.2d at 230.[2] (Emphasis added).
The Parker case, supra, gave the legislative history of the Mississippi Business Corporation Act of 1962 when enacted. The existing law in 1962 was clearly that a corporation which failed to qualify to do business in this state could not subsequently qualify and maintain a suit in which a cause of action accrued prior to qualification. The Senate Bill No. 1712 in the 1962 legislature originally contained language that no foreign corporation could maintain a court action "until such corporation shall have obtained a certificate of authority." The original bill was amended to eliminate the quoted language and other similar language. The Parker case concluded that the legislative intent obviously was to adhere to established law relative to foreign corporations.
The Court reasoned that "to allow a corporation that has violated the express terms of the statute to avoid the effect of the statute by qualifying only in the event it found it necessary to enforce a cause of action, would defeat the purpose of the Legislature." 197 So.2d at 230. See also Honey Fluff Doughnut Co., Inc. v. Daniel, Inc., 374 So.2d 800 (Miss. 1979).
Having considered the development of our law construing the foreign corporation "door closing" provision for purpose of analogy to the same provision of foreign partnership law, the court now looks directly to the two statutes. Several observations are pertinent to our disposition.
First, it is noted that the language of the two statutes is different. The partnership act states:
(1) A foreign limited partnership transacting business in this state may not maintain any action, suit or proceeding in any court of this state until it has registered in this state. (Emphasis added).
Miss. Code Ann. § 79-13-213 (Supp. 1982). Whereas, the corporate act provides:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state... .
Miss. Code Ann. § 79-3-247 (1972). The language is not identical, nor does it convey a similar meaning. Therefore, the construction applied to the words can not be the same.
Secondly, the language of the partnership act is clear and unambiguous. In construing statutory language, our court has held that where language of the statute is plain and unambiguous, there is no room for construction. Clark v. State ex rel. Miss. State Medical Ass'n, 381 So.2d 1046 (Miss. 1980). By the everyday usage of its terms, the language of the partnership act is capable of no other interpretation than to state that when a foreign limited partnership has registered, it may then maintain an action in any court.
Strengthening also this interpretation is the fact that the same language was eliminated in the corporate act to continue the established law in existence concerning corporate "door closing." By the passage of *330 the partnership act with the inclusion of the words "until it has registered in this state"  which words were specifically eliminated in the corporate act  it is logical to conclude that the legislature intended to have a different rule for partnership.
Although there is merit to the appellee's argument that the "door closing" provisions of the foreign corporate act and foreign partnership law should be consistent, we are compelled to conclude otherwise for the above stated reasons.
This Court therefore construes the "door closing" statute Miss. Code Ann. § 79-13-213(1) of the Foreign Limited Partnership Law to bar the maintenance of any cause of action by a foreign limited partnership until it has properly registered. Upon proper registration, it may maintain suit in Mississippi courts whether the cause of action accrued prior to or subsequent to registration.

III.
Was the evidence sufficient to establish that the appellant was "doing business" in Mississippi within the meaning of Miss. Code Ann. § 79-13-213.
As this is an appeal from an order granting summary judgment, the precise question presented by this assignment of error is whether the pleadings raised a genuine issue as to the material fact of whether the appellant was "doing business" in Mississippi prior to registration. See MRCP 56(c). The pleadings established that the appellant (A) negotiated the purchase of a parcel of real property, (B) executed a promissory note and deed of trust to secure payment for the property, (C) made a number of repairs on the property, and (D) leased the property, through its realtor, to Mr. and Mrs. Ware for a period of one year.
This Court has not previously addressed the question of what acts on behalf of a foreign limited partnership may constitute "doing business" within the meaning of Miss. Code Ann. § 79-13-213. With respect to foreign corporations, this Court has held that the question of whether a foreign corporation is doing business within the state must be determined on an ad hoc basis. S and A Realty Co. v. Hilburn, 249 So.2d 379, 382 (Miss. 1971). In making this determination, this Court is in the same position as the trial court, since all facts are set out in the pleadings or exhibits, and the chancellor may be reversed if he erred whether the error was manifest or not. Hilburn, supra, at 382.
As a general rule, a foreign corporation is not "doing business" in a state where it engages in casual, occasional or isolated acts and transactions. 36 Am.Jur.2d Foreign Corporations § 317 (1968). Accordingly, the purchase or leasing of property, at least where not undertaken in furtherance of a corporate purpose, is generally held not to constitute doing business within a state. 36 Am.Jur.2d Foreign Corporations, §§ 340, 342 (1968).
On the other hand, appellant presented no evidence at the hearing on the motion for summary judgment challenging the fact that it was doing business in this state prior to registration. MRCP 56(e) provides in pertinent part:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
Under these circumstances, this Court concludes that the trial court's ruling that no genuine issue as to the question of whether or not appellant was doing business existed was proper and appellant's second assignment of error is without merit.
The order of the chancery court granting summary judgment on the first ground is reversed and the cause is remanded to the *331 Chancery Court of Hinds County for trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE P.JJ., and HAWKINS, ROBERTSON and SULLIVAN, JJ., concur.
DAN M. LEE and ANDERSON, JJ., not participating.
NOTES
[1] Appellant filed an earlier complaint containing the same material allegations on August 5, 1981, prior to obtaining its certificate of registration.
[2] It is well to note that a foreign corporation not qualified to do business within the state may not be barred from use of our courts in honoring and enforcing contracts made for interstate or foreign commerce. The denial of such contract enforcement was found repugnant to the Commerce Clause of the United States Constitution. Allenberg Cotton Co., Inc. v. Pittman, 419 U.S. 20, 95 S.Ct. 260, 42 L.Ed.2d 195 (1974). See Woods v. Interstate Realty, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949).