PLM, INC. d/b/a D.D. Ballard Construction Company and Nicholas B. Travis, III, Plaintiffs,

v.

The E. RANDLE COMPANY and Federal Insurance Company, Defendants.

No. J84–0500(L).

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 28, 1985.

David W. Mockbee and Julie L. Sneed, Jones, Mockbee, Bass & Hodge, Jackson, Miss., Donald Duff, Frankfort, Ky., for plaintiffs.

Charles J. Mikhail, Krogstad, Johnson, Mingee & Wood, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

By letter dated October 4, 1983, Ballard Construction Company (Ballard) was notified that it had been suspended pursuant to Miss.Code Ann. § 79–3–251 (Supp.1984) because it had failed to file an annual report. Ballard subcontracted on October 12, 1983 with The E. Randle Company (Randle) to perform work on a Mississippi State Highway project. On April 30, 1984, Randle rescinded the subcontract because of Ballard's alleged inability to perform and failure to provide adequate assurance of performance. Ballard and Nicholas B. Travis, III filed this action against Randle and its surety, Federal Insurance Company (Federal), on May 31, 1984 in the Circuit Court of Hinds County, Mississippi, alleging breach of and wrongful rescission of the subcontract by Randle and defendants removed the case to this court. On July 4, 1984, Ballard's suspension was set aside pursuant to Miss.Code Ann. § 27–13–27(3) and (4). The cause is now before this court on the motion of the defendants for partial summary judgment against the plaintiff corporation, PLM, Inc. d/b/a D.D. Ballard Construction Company, on the grounds that said defendant lacked the capacity to make contracts or to file suit in its corporate name.

Miss.Code Ann. § 27–13–27 provides in part:

(1) If any corporation or organization taxable under this chapter, after receiving due process under the provisions of this chapter, shall fail or refuse to pay the tax demanded and determined by the commissioner, together with all penalties and interest shown to be due, or if such corporation or organization shall fail to file a protest against such assessment, or appeal therefrom, then the commissioner, in addition to the other authority conferred upon him in this chapter, may suspend the right of such organization to perform any right acquired by the form of the organization, if a domestic organization, or suspend the right to do business in the state, if such organization is

authorized under the laws of some other state or country, or doing business without specific statutory authority.

\* \* \* \* \* \*

(3) If any organization thus suspended shall appear, either by its principal officer or officers, or its attorney, within twelve months from the date of such suspension, and make satisfactory explanation of the cause of the default; and pay all taxes due, together with all interest, penalties and increases finally determined by the commissioner to be due, then it shall be the duty of the commissioner to note upon the records of his office that such suspension has been set aside, and immediately notify the secretary of state, in writing of the setting aside of such suspension; and the secretary of state shall make the proper notation on the records of his office pertaining to such organization, that such suspension has been set aside.

(4) Upon the setting aside of such suspension, said organization shall be restored to all rights of which it was deprived by such suspension, and authorized to resume all activities as though said suspension had not been imposed.

Plaintiff contends that its reinstatement was retroactive to the date of suspension, relying on Miss.Code Ann. § 27–13–27(5), which provides for dissolution of a corporation following the expiration of a twelve month period after the original imposition of the suspension. According to the plaintiff, only after the expiration of that twelve month period does a corporation lose its power to litigate or contract.

The Mississippi Supreme Court has not considered the question raised in this case. In *Carolina Transformer Company, Inc.*

*v. Anderson*, 341 So.2d 1327 (Miss.1977), the court held that a corporation, while suspended under Miss.Code Ann. § 79–3–189, a similar statute,[1] was "functionally unable to operate though it did not cease to exist," *id.* at 1329, and "was without 'any right to exercise powers' granted it by the State." *Id.* at 1330. A corporation is vested with power "to sue and be sued, complain and defend, in its corporate name" by virtue of its corporate status as set out in Miss.Code Ann. § 79–3–7. Applying the reasoning of *Carolina Transformer* by analogy, this court is of the opinion that the Mississippi Court, if presented with the issue, would hold that suspension under § 27–13–27 likewise suspends Ballard's right to sue.

This court's opinion is further supported by the consequences of suspension of a foreign corporation's right to do business in the state under § 27–13–27. The effect of the loss by a foreign corporation of its authority to do business is well established in Mississippi. Miss.Code Ann. § 79–3–247 provides:

> No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state.

While Ballard is a domestic and not a foreign corporation, it is clear that the effect of suspension, the inability to maintain a suit, is the same regardless of the place of incorporation of the corporation.

It is, therefore, ordered that the motion of defendants for partial summary judgment is granted for the reason that plaintiff, PLM, Inc. d/b/a Ballard Construction Company, lacked the capacity to bring suit in its corporate name at the time this suit was filed.

---

1. Section 79–3–189 provides:

After the suspension has been officially noted ... such domestic corporation so suspended shall no longer have any right to exercise powers theretofore granted it, and such foreign corporation shall no longer have any right to exercise powers theretofore granted it by the state. If any corporation thus suspended shall, within twelve (12) months from the date of such suspension, file the required annual report ... the Secretary of State shall set aside such suspension and note on the records of such corporation that such suspension has been set aside ... Upon the setting aside of such suspension, the corporation shall be restored to all rights of which it was deprived by such suspension, and authorized to resume the exercise of all powers theretofore granted it as though said suspension had not been imposed.