**CUBA TIMBER COMPANY, INC. Plaintiff**

**v.**

**Ray BOSWELL Defendant**

**No. CIV.A.4:04 CV 76LN.**

United States District Court, S.D. Mississippi, Eastern Division.

Sept. 2, 2004.

F. Gregory Malta, Malta & Parrish, PLLP, Meridian, MS, for Plaintiffs or Petitioners.

John Richard Barry, William B. Carter, Bourdeaux & Jones, Meridian, MS, for Defendants or Respondents.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on defendant Ray Boswell's motion to dismiss or, in the alternative, for summary judgment. Plaintiff Cuba Timber Company, Inc. (Cuba Timber) has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion must be granted.

Cuba Timber is an Alabama corporation that conducted certain timber cutting operations in Lauderdale County, Mississippi. On October 6, 2003, Lauderdale County filed suit against Cuba Timber in the County Court of Lauderdale County alleging that in performing its cutting and logging operations, Cuba Timber had negligently and/or recklessly caused damage to roads within Lauderdale County, for which it was liable in damages for the costs of repair. On November 5, 2003, Cuba Timber answered the complaint, and filed what it denominated a "cross-claim" against Ray Boswell, one of the Lauderdale County supervisors, charging Boswell with slander and tortious interference with business relations for remarks Boswell was alleged to have made concerning Cuba Timber in certain television news programs.

Boswell moved to dismiss, arguing that the cross-claim was procedurally improper in violation of Rules 13 and 14 of the Mississippi Rules of Civil Procedure, and contending also that Cuba Timber was barred from bringing or maintaining its cross-claim by virtue of Mississippi's door-closing statute, Miss.Code Ann. § 79–4–15.02, since Cuba Timber's certificate of authority to do business in Mississippi had been revoked.

By order entered December 23, 2003, the County Court granted Boswell's motion, finding that the cross-claim had been filed in violation of Rule 14, which provides that a third-party claim may not be maintained without first obtaining permission of the court; that the claim that was the subject of the cross-claim did not qualify as a cross-claim under Rule 13 or for permissive joinder under Rule 20; and that the door-closing statute barred Cuba Timber's suit against Boswell since Cuba Timber's license to do business in Mississippi had been revoked in December 2002 so that it had no certificate of authority to do business Mississippi at the time the cause of action accrued.

Cuba Timber did not seek review of the state court's dismissal order. Instead, on April 14, 2004, it filed the present action in this court alleging the exact claims that had been the subject of its cross-claim. Boswell has moved to dismiss this suit, contending, as he did in the state court action, that this action is due to be dismissed in accordance with the door-closing statute, and asserting additionally and/or alternatively that plaintiff's complaint is barred by the doctrine of res judicata and/or collateral estoppel in view of the state court's dismissal of Cuba Timber's

earlier complaint against Boswell. Cuba Timber opposes the motion, arguing first that its claim herein is not barred by the door closing statute, and insisting, further, that res judicata and collateral estoppel are inapplicable.

■ Mississippi Code Annotated § 79-4-15.02(a) provides, "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."[1] It is undisputed that at the time its cause of action accrued, as well as at the time its cross-claim was filed, Cuba Timber had no certificate of authority to do business in Mississippi, the same having been revoked in December 2002. However, it is also undisputed that Cuba Timber's certificate of authority was reinstated on December 4, 2003 so that at the time it filed the present action, it had a certificate of authority. Thus, the door-closing statute, which by its terms precludes a foreign corporation from maintaining an action in the courts of this state *"until it obtains a certificate of authority"* does not bar Cuba Timber from proceeding in this action.

■ The question that arises, however, is whether the state court's dismissal of Cuba Timber's prior suit on the basis of the door-closing statute operates as res judicata to the present action. Unfortunately for Cuba Timber, it appears that it does.

In its opinion addressing Boswell's motion, the state court held that as "punishment for failure to obtain a license to do business within the State," Miss.Code Ann. § 79-4-15.02 "prohibits [Cuba Timber] from maintaining any cause of action

against any party within the State of Mississippi." *Lauderdale County, Mississippi v. Cuba Timber Co., Inc.*, Cause No. CA-03-1012, slip op. at 2 (Dec. 23, 2003). The court acknowledged that Cuba Timber had requested a stay to allow it an opportunity to renew its license, but in reliance on the Mississippi Supreme Court's opinion in *Parker v. Lin-Co. Producing Co.*, 197 So.2d 228 (Miss.1967), determined that in order to maintain a cause of action in the courts of Mississippi, the foreign corporation must have been licensed to do business within Mississippi at the time the cause of action accrued. The court stated, "The issue of whether the license can be renewed or obtained and thereafter renew the Defendant's claim against Ray Boswell was ... answered, at least to this Court's satisfaction, in *"Parker"*, cited above."

While the state court's reading of *Parker* was certainly correct, what the state court did not recognize is that the current version of the statute is quite different from the version in effect at the time *Parker* was decided and which was considered by the court in *Parker*. Previously, the door-closing statute provided,

> No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state.

In sharp contrast, though, and as observed *supra*, the current version, which became effective January 1, 1988, prohibits a foreign corporation transacting business in Mississippi without a certificate of authority from maintaining a proceeding in the courts of the statute only "until it obtains a certificate of authority." In addition, the present version expressly authorizes the trial court to stay the proceeding until the

---

**1.** The statute's reference to "any court in this state" includes the federal district courts in Mississippi. *Cone Mills Corp. v. Hurdle, 369*

F.Supp. 426 (N.D.Miss.1974) (recognizing that door-closing statute applies to actions in federal as well as state court in Mississippi).

foreign corporation obtains a certificate of authority. *See* Miss.Code Ann. § 79–4–15.02( c) ("A court may stay a proceeding commenced by a foreign corporation, its successor or assignee until it determines whether the foreign corporation or its successor requires a certificate of authority. If it so determines, the court may further stay the proceeding until the foreign corporation or its successor obtains the certificate."). In light of these changes to the statute, the state court's reliance on *Parker* was not well placed [2] and its conclusion that the door-closing statute barred the cross-claim was not well grounded.[3] Yet Cuba Timber did not seek reconsideration of the court's ruling, nor did it appeal the court's dismissal order, as it clearly was entitled to do. Instead, it filed the present action, and now, in an effort to avoid application of res judicata principles, argues that the state court's dismissal decision was not a decision "on the merits." *See Anderson v. Lavere*, 2003 WL 22350944, *5

(Miss.2003) ("We have stated the rule of res judicata as, '[a] final judgment on the merits of an action precludes the parties and their privies from relitigating claims that were or could have been raised in that action.'" (citations omitted)). The court concludes otherwise.

Because in a diversity action, this court sits as another Mississippi court, this court cannot entertain any action not maintainable in a Mississippi court, and the question is thus whether the Mississippi state courts would allow relitigation of the issues raised in the prior suit. *Cleckner v. Republic Van & Storage Co., Inc.*, 556 F.2d 766, 769 (5th Cir.1977) (a claim barred by the state law of res judicata from relitigation in state court may not be maintained in a federal diversity action).

Although the court's research reveals much discussion in the cases about what is meant by the phrase "on the merits" for purposes of deciding issues of claim pre-

---

**2.** In addition to citing *Parker*, the state court cited an earlier opinion by the undersigned, *PLM d/b/a/ D.D. Ballard Construction Co. v. The E. Randle Co. And Federal Insurance Co.*, 641 F.Supp. 48 (S.D.Miss.1985), which was affirmed by the Fifth Circuit, in which this court had relied on *Parker* in applying the door-closing statute. However, like *Parker*, *PLM* was decided prior to the amendment to the door-closing statute which became effective January 1, 1988. This court has acknowledged the implication of the amendment in a number of cases. *See Northfield Ins. Co. v. Odom Indus., Inc.*, 119 F.Supp.2d 631, 633 n. 4 (S.D.Miss.2000) (stating in dicta because the door-closing statute grants the court authority to stay an action, rather than dismiss, in order to allow a plaintiff to obtain the necessary certificate of authority, the court would grant the plaintiff a stay to obtain a certificate of authority, if it considered it was necessary, but finding that it was unnecessary under the facts presented); *Term Limits Leadership Council, Inc. v. Clark*, 984 F.Supp. 470, 471 n. 1 (S.D.Miss.1997) (where one of the foreign plaintiffs was in the process of obtaining a certificate of authority, the

court acknowledged that it could stay the action until a certificate of authority was obtained, but finding that to do so would serve no useful purpose since at least one plaintiff was already properly before the court).

Moreover, even before the amendment took effect, the Supreme Court had noted that whereas it has "consistently construed (the door-closing statute) to mean that a foreign corporation, by belatedly qualifying to do business in the state, does not become authorized to maintain an action on a cause which had accrued before it qualified," the statute would be repealed effective January 1, 1988 and replaced by a version that would allow the trial court to stay the proceedings until the foreign corporation obtains a certificate of authority." *Bryant Const. Co., Inc. v. Cook Const. Co., Inc.*, 518 So.2d 625, 631 and n. 5 (Miss.1987).

**3.** Notably, it appears that at the time the court's order of dismissal was entered, Cuba Timber's certificate of authority had already been reinstated and thus the door-closing statute was no impediment to its maintaining the action.

clusion, it seems that "on the merits" is not necessarily limited to ultimate substantive issues. In *Angel v. Bullington,* 330 U.S. 183, 190, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947), the United States Supreme Court wrote,

> It is a misconception of res judicata to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them in another court of the State. Such a situation is presented when the first decision is based not on the ground that the distribution of judicial power among the various courts of the State requires the suit to be brought in another court in the State, but on the inaccessibility of all the courts of the State to such litigation. And that is the essence of the present case. The only issue in controversy in the first North Carolina litigation was whether or not all the courts of North Carolina were closed to that litigation. The merits of that issue were adjudicated. And that was the issue raised in the second litigation in North Carolina—

that in the federal district court. The merits of this issue having been adjudicated, they cannot be relitigated.

Here, the state court concluded—albeit wrongly—that all the courts of this state are permanently inaccessible to Cuba Timber for the prosecution of the claims sought to be asserted herein. In keeping with the reasoning in *Angel,* this is properly viewed a "merits" determination for claim preclusion purposes. *See also Weston Funding Corp. v. Lafayette Towers, Inc.,* 550 F.2d 710 (2d Cir.1977) (affirming dismissal of action on ground of res judicata where plaintiff, which had not complied with New Jersey licensing statute, had been precluded from suit in New Jersey by state door-closing statute); *Boh Bros. Const. Co., Inc. v. Nelson,* 730 So.2d 132, 134 (Ala.1999) (stating that "[a]lthough we believe the federal court's holding applying [Alabama's door-closing statute] to bar the claim was incorrect, that holding became res judicata with respect to the parties involved.").

Cuba Timber could have sought review of the state court's ruling; it did not do so but chose instead to start all over again in another Mississippi court.[4] In light of the

---

**4.** It may seem particularly harsh to apply res judicata principles in a case such as this, where the prior ruling seems so obviously wrong. However, as the Supreme Court observed in its *Angel* decision, the doctrine of res judicata is a barrier against needless multiplying litigation by insisting that issues be seen through to conclusion in the court where first raised. There, the Court stated:

> Litigation is the means for vindicating rights, but it may also involve unwarranted friction and waste. The doctrine of res judicata reflects the refusal of law to tolerate needless litigation. Litigation is needless if, by fair process, a controversy has once gone through the courts to conclusion. And it has gone through, if issues that were or could have been dealt with in an earlier litigation are raised anew between the same parties.

*Angel,* 330 U.S. at 192–93, 67 S.Ct. at 662. Simply put, "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). *See also Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 467, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982) ("[T]his Court has consistently emphasized the importance of the related doctrines of res judicata and collateral estoppel in fulfilling the purpose for which civil courts had been established, the conclusive resolution of disputes within their jurisdiction."); *Qwest Corp. v. F.C.C.,* 252 F.3d 462, 466, 346 U.S.App. D.C. 271, 275 (D.C.Cir.2001) (for purposes of claim preclusion, "the loser's failure to [ap-

state court's ruling in the prior case, the court must conclude on the basis of res judicata that its claims are not cognizable in this forum.

Accordingly, it is ordered that defendant's motion to dismiss is granted.

---

peal] [leaves] him as badly off as if he had appealed and lost").